# EXHIBIT B

Filed 10 November 4 A9:25
Loren Jackson - District Clerk
Harris County
ED101J016039093
By: kelsha singleton

CAUSE NO. 2010-50962

| | | |
|---|---|---|
| RENE D. MORSE, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| AMERICAN SECURITY | § | |
| INSURANCE COMPANY AND | § | |
| PHILLIP S. ABERNATHY, | § | |
| Defendants. | § | 11TH JUDICIAL DISTRICT |

## PLAINTIFF'S RESPONSE TO DEFENDANTS AMERICAN SECURITY INSURANCE COMPANY'S AND PHILLIP S. ABERNATHY'S VERIFIED PLEA IN ABATEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Rene D. Morse ("Plaintiff"), and files this *Plaintiff's Response to Defendants American Security Insurance Company's and Phillip S. Abernathy's Verified Plea in Abatement.* Plaintiff requests the Court deny Defendant American Security Insurance Company's and Phillip S. Abernathy's Verified Plea in Abatement. In support thereof, pursuant to the Texas Rules of Civil Procedure, Plaintiff would show this Honorable Court the following:

### I.
### INTRODUCTION

1.  The causes of action making the basis of this lawsuit arise out of an insurance claim made by Plaintiff for damages to her property located in Harris County, Texas ("the Property"). Plaintiff made a claim against her Texas Homeowners' Insurance Policy, issued by Defendant American Security Insurance Company, seeking coverage for damages to the Property arising from Hurricane Ike. The claim was subsequently denied even though the Policy provided coverage for said damages.

Certified Document Number: 46850706 - Page 1 of 7

Certified Document Number: 46850706 - Page 2 of 7

2.     Plaintiff has alleged that Defendant American Security Insurance Company failed to pay the full proceeds of the Policy, failed to conduct a reasonable investigation, and failed to adequately settle Plaintiff's claim.  As a result, Plaintiff brought suit against Defendants for damages resulting from the mishandling of Plaintiff's claim for coverage.

## II.
## BACKGROUND

3.     On August 16, 2010, Plaintiff filed *Plaintiff's Original Petition* alleging that Defendants wrongfully denied her claim for insurance benefits to which they were entitled under the Policy.  Plaintiff brought causes of action against Defendant American Security Insurance Company for breach of contract and breach of the duty of good faith and fair dealing. Plaintiff brought causes of action against all Defendants for violations of the Texas Insurance Code, for common law fraud, and conspiracy to commit fraud.

4.     Defendants filed their *Verified Plea in Abatement* on September 22, 2010.  Defendants generally contend that they are entitled to abatement of Plaintiff's claim because of improper statutory written notice under Texas Insurance Code Section 541.154.  Plaintiff offers the following arguments and authorities demonstrating why abatement of the claim is not proper in this case.

## III.
## ARGUMENTS & AUTHORITIES

A.     PLAINTIFF IS IN COMPLIANCE WITH TEXAS INSURANCE CODE §541.154.

5.     The statute of limitations for Hurricane Ike related claims expired on September 13, 2010.  Since Plaintiff filed her claim on August 16, 2010, offering Defendants a sixty (60) day notice period is not practicable.

6.     Plaintiff's claims are not subject to abatement at this time. The notice provision specifically provides that: "An abatement under this section continues until the 60th day

after the date notice is provided in compliance with Section 541.154."[1] However, Section (c) further states that **notice is not required when it is impracticable** because the suit must be filed to prevent the statute of limitations from expiring. [2]

7.    In this instance, the statute of limitations for Hurricane Ike related cases expired on September 13, 2010. If Plaintiff had given Defendants a sixty (60) day notice period, Plaintiff would be entitled to file her claim on October 15, 2010; thereby missing the statute of limitations and rendering Plaintiff's claims foreclosed.  Under the Texas Insurance Code, Plaintiff is not required to give the traditional sixty (60) days notice because doing so would cause the statute of limitations to expire.  Plaintiff is therefore in compliance with the Texas Insurance Code, and Defendants are not entitled to the sixty (60) day pre-suit notice.  Consequently, this Court should refuse to abate Plaintiff's claim because Plaintiff has complied with the notice provisions of the Texas Insurance Code.

### IV.
### CONCLUSION

8.    This Court should deny *Defendants American Security Insurance Company's and Phillip S. Abernathy's Verified Plea in Abatement* and refuse to abate Plaintiff's claim as there is no statutory authority to allow abatement.  Plaintiff is not required to send the traditional sixty (60) day notice because it would be impracticable to do so.  Accordingly, this Court should deny Defendants' Verified Plea in Abatement as abatement for an additional sixty (60) days is improper.

---

[1] TEX. INS. CODE § 541.155(d).
[2] TEX. INS. CODE § 541.154(c).

# V.
# PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays this Honorable Court to deny *Defendants American Security Insurance Company's and Phillip S. Abernathy's Verified Plea in Abatement.* Plaintiff also requests any other further relief, either at law or in equity, to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

THE MOSTYN LAW FIRM

*/s/ Amber L. Anderson*
Amber L. Anderson
State Bar No. 90001704
3810 W. Alabama St.
Houston, Texas 77027
(713) 861-6616 (Office)
(713) 861-8084 (Facsimile)

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to all counsel of record on this 1st day of October, 2010 in accordance with the Texas Rules of Civil Procedure.

David T. McDowell
Shannon A.S. Quadros
**Edison, McDowell, & Hetherington, LLP**
Phoenix Tower
3200 Southwest Freeway, Suite 2920
Houston, Texas 77027

*/s/ Amber L. Anderson*
Amber L. Anderson

Certified Document Number: 46850706 - Page 4 of 7

CAUSE NO. 2010-50962

| | | |
|---|---|---|
| RENE D. MORSE, | § | IN THE DISTRICT COURT OF |
|     Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | HARRIS COUNTY, TEXAS |
| AMERICAN SECURITY | § | |
| INSURANCE COMPANY AND | § | |
| PHILLIP S. ABERNATHY, | § | |
|     Defendants. | § | |
| | § | 11TH JUDICIAL DISTRICT |

---

## VERIFICATION

---

ON THIS DAY, Katherine D. Ramsey, the affiant, appeared before me, the undersigned notary public, who personally knows the affiant to be the person whose signature appears below. The affiant stated under oath as follows:

> My name is Katherine D. Ramsey. I am over twenty-one (21) years of age, of sound mind, and fully capable of making this affidavit. I am an associate in the law firm representing Plaintiffs in the above-styled and numbered cause. I attest that each statement of fact related to the dates of filing and receipt of the pleadings and motions within *Plaintiff's Response to Defendants American Security Insurance Company's and Phillip S. Abernathy's Verified Plea in Abatement* is within my personal knowledge and are true and correct.

FURTHER AFFIANT SAITH NOT.

EXHIBIT

1

_Katherine D. Ramsey_
Katherine D. Ramsey

STATE OF TEXAS           §
COUNTY OF HARRIS         §

SUBSCRIBED AND SWORN TO, before me, the undersigned authority, by Katherine D. Ramsey on this, 1st day of October, 2010, to which witness my hand and seal of office.

_Delia Segoviano_
Notary Public in and for the State of Texas

_Delia Segoviano Cooney_
Printed Name

DELIA SEGOVIANO COONEY
My Commission Expires
May 22, 2012

My Commission Expires:
_2012_

## CAUSE NO. 2010-50962

| | | |
|---|---|---|
| RENE D. MORSE, | § | IN THE DISTRICT COURT OF |
|     Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| AMERICAN SECURITY | § | |
| INSURANCE COMPANY AND | § | |
| PHILLIP S. ABERNATHY, | § | |
|     Defendants. | § | 11TH JUDICIAL DISTRICT |

---

### ORDER DENYING DEFENDANTS' PLEA IN ABATEMENT

---

The Court, having considered *American Security Insurance Company's and Phillip S. Abernathy's Verified Plea in Abatement* and Plaintiffs' response to the motion to abate proceedings thereto, finds that said Motion lacks merit.

It is, therefore, ORDERED, ADJUDGED AND DECREED that Defendant American Security Insurance Company's and Phillip S. Abernathy's requests for abatement of Plaintiff's causes of action is hereby DENIED.

SIGNED this _____ day of _____, 2010.

_____
JUDGE PRESIDING



I, Loren Jackson, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this _____ November 16, 2010 _____

Certified Document Number: ___ 46850706 _(Total Pages 7)

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

Filed 10 November 4 A9:25
Loren Jackson - District Clerk
Harris County
ED101J016039093
By: keisha  singleton

# Exhibit B

Certified Document Number: 46850707 - Page 1 of 16

Filed 10 August 16 P4:49
Loren Jackson - District Clerk
Harris County
ED101J015914097
By: Furshilla McGee

| 2010-50962 / Court: 011 |
| --- |

CAUSE NO._____

| RENE D. MORSE, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| AMERICAN SECURITY | § | |
| INSURANCE COMPANY AND | § | |
| PHILLIP S. ABERNATHY, | § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Rene D. Morse ("Plaintiff"), and files this *Plaintiff's Original Petition*, complaining of American Security Insurance Company ("American Security") and Phillip S. Abernathy ("Abernathy") (to whom will be collectively referred as "Defendants"), and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2.  Plaintiff Rene D. Morse is an individual residing in Harris County, Texas.

3.  Defendant American Security is an insurance company engaging in the business of insurance in the State of Texas. This defendant may be served with personal process, by

Certified Document Number: 46850707 - Page 2 of 16

Certified Document Number: 46850707 - Page 3 of 16

a process server, by serving its Registered Agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

4.    Defendant Phillip S. Abernathy is an individual residing in and domiciled in the State of South Carolina. This defendant may be served with personal process by a process server at his place of residence at 111 Chapelwood Drive, Columbia, South Carolina 29229-7113.

## JURISDICTION

5.    The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

6.    The Court has jurisdiction over Defendant American Security because this defendant is a foreign insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

7.    The Court has jurisdiction over Defendant Abernathy because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

## VENUE

8.    Venue is proper in Harris County, Texas, because the insured property is situated in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

9.    Plaintiff is the owner of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by American Security.

Page 2

10.    Plaintiff owns the insured property, which is specifically located at 7701 Langley Rd, Houston, Texas 77016, in Harris County (hereinafter referred to as "the Property").

11.    American Security sold the Policy insuring the Property to Plaintiff.

12.    On or about September 12, 2008, in the late evening going into the early morning hours of September 13, 2008, Hurricane Ike struck Harris County, Texas, causing severe damage to homes and businesses throughout the gulf-coast region of Texas, including Plaintiff's residence.   Plaintiff's roof sustained extensive damage during the storm. Water intrusion through the roof caused significant damage throughout the interior of the home and garage including, but not limited to, the home's ceilings, walls, insulation, and flooring.   Plaintiff's home also sustained substantial structural and exterior damage during the storm.   There was also damage to the garage door, siding, and windows of the home.   Furthermore, Plaintiff sustained significant damage to her personal belongings and contents within the home.   Immediately after the storm, Plaintiff filed a claim with her insurance company, American Security, for the damages to her home caused by Hurricane Ike.

13.    Plaintiff submitted a claim to American Security against the Policy for ALE, Contents Damage, Roof Damage, Structural Damage, Water Damage, and Wind Damage the Property sustained as a result of Hurricane Ike.

14.    Plaintiff asked that American Security cover the cost of repairs to the Property pursuant to the Policy.

15.    Defendant American Security assigned Defendant Abernathy as the individual adjuster on the claim.   Abernathy inspected Plaintiff's entire home for hurricane damages in merely twenty (20) minutes. Abernathy conducted a substandard inspection which is

Page 3

evident in his report which failed to include many of Plaintiff's damages noted upon inspection. His estimate did not allow adequate funds to cover repairs to all the damages sustained. As a result, Plaintiff has not been able to make necessary repairs to restore her home. Furthermore, the delay in making repairs caused by the unreasonable investigation and underpayment of the claim has caused Plaintiffs additional damage.

16.     As detailed in the paragraphs below, American Security wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, American Security underpaid some of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

17.     To date, American Security continues to delay in the payment for the damages to the property. As such, Plaintiff has not been paid in full for the damages to her home.

18.     Defendant American Security failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. American Security's conduct constitutes a breach of the insurance contract between American Security and Plaintiff.

19.     Defendants American Security and Abernathy misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants American Security's and Abernathy's conduct

Certified Document Number: 46850707 - Page 5 of 16

constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

20.     Defendants American Security and Abernathy failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants American Security's and Abernathy's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

21.     Defendants American Security and Abernathy failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants American Security and Abernathy failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants American Security and Abernathy did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants American Security's and Abernathy's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

22.     Defendants American Security and Abernathy failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants American Security and Abernathy. Defendants American Security's and Abernathy's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

Certified Document Number: 46850707 - Page 6 of 16

23.    Defendants American Security and Abernathy refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants American Security and Abernathy failed to conduct a reasonable investigation. Specifically, Defendants American Security and Abernathy performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendants American Security's and Abernathy's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

24.    Defendant American Security failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. American Security's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

25.    Defendant American Security failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. American Security's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

26.    Defendant American Security failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for her claim. American Security's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

27.   From and after the time Plaintiff's claim was presented to Defendant American Security, the liability of American Security to pay the full claim in accordance with the terms of the Policy was reasonably clear.   However, American Security has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.   American Security's conduct constitutes a breach of the common law duty of good faith and fair dealing.

28.   Defendants American Security and Abernathy knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

29.   As a result of Defendants American Security's and Abernathy's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing her with respect to these causes of action.

30.   Plaintiff's experience is not an isolated case.   The acts and omissions American Security committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of American Security with regard to handling these types of claims.   American Security's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

Certified Document Number: 46850707 - Page 8 of 16

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST ABERNATHY

#### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
#### UNFAIR SETTLEMENT PRACTICES

31.     Defendant Abernathy's conduct constitutes multiple violations of the Texas Insurance
Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under
this article are made actionable by TEX. INS. CODE §541.151.

32.     Defendant Abernathy is individually liable for his unfair and deceptive acts, irrespective
of the fact he was acting on behalf of American Security, because he is a "person" as
defined by TEX. INS. CODE §541.002(2).  The term "person" is defined as "any individual,
corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan,
fraternal benefit society, or other legal entity engaged in the business of insurance,
including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS.
CODE §541.002(2) (emphasis added).   (See also *Liberty Mutual Insurance Co. v.
Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance
company employee to be a "person" for the purpose of bringing a cause of action against
him or her under the Texas Insurance Code and subjecting him or her to individual
liability)).

33.     Defendant Abernathy's unfair settlement practice, as described above, of misrepresenting
to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of
competition and an unfair and deceptive act or practice in the business of insurance.  TEX.
INS. CODE §541.060(a)(1).

34.     Defendant Abernathy's unfair settlement practice, as described above, of failing to
attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim,

Certified Document Number: 46850707 - Page 9 of 16

even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

35. The unfair settlement practice of Defendant Abernathy as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

36. Defendant Abernathy's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

37. Defendant Abernathy's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

### FRAUD

38. Defendants American Security and Abernathy are liable to Plaintiff for common law fraud.

39. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as she did,

Certified Document Number: 46850707 - Page 10 of 16

and which Defendants American Security and Abernathy knew were false or made recklessly without any knowledge of their truth as a positive assertion.

40.     The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD

41.     Defendants American Security and Abernathy are liable to Plaintiff for conspiracy to commit fraud.  Defendants American Security and Abernathy were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means.  In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendants American Security and Abernathy committed an unlawful, overt act to further the object or course of action.  Plaintiff suffered injury as a proximate result.

### CAUSES OF ACTION AGAINST AMERICAN SECURITY ONLY

42.     Defendant American Security is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

43.     Defendant American Security's conduct constitutes a breach of the insurance contract made between American Security and Plaintiff.

44.     Defendant American Security's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question,

Certified Document Number: 46850707 - Page 11 of 16

and under the laws of the State of Texas, constitutes a breach of American Security's insurance contract with Plaintiff.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

45.    Defendant American Security's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

46.    Defendant American Security's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

47.    Defendant American Security's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though American Security's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

48.    Defendant American Security's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

49.    Defendant American Security's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an

Certified Document Number: 46850707 - Page 12 of 16

unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

50.   Defendant American Security's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

51.   Defendant American Security's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

52.   Defendant American Security's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

53.   Defendant American Security's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

54.   Defendant American Security's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

Certified Document Number: 46850707 - Page 13 of 16

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

55.   Defendant American Security's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

56.   Defendant American Security's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, American Security knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### KNOWLEDGE

57.   Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

### DAMAGES

58.   Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

59.   As previously mentioned, the damages caused by Hurricane Ike have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant American Security's and Abernathy's mishandling of Plaintiff's claim in violation of the laws set forth above.

60.   For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of her claim, together with attorney's fees.

61.   For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been

Certified Document Number: 46850707 - Page 14 of 16

paid pursuant to the policy, mental anguish, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiff asks for three times her actual damages. TEX. INS. CODE §541.152.

62.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees.  TEX. INS. CODE §542.060.

63.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

64.     For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

65.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### JURY DEMAND

66.     Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas.  Plaintiff hereby tenders the appropriate jury fee.

Page 14

## WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURE

67.    *Plaintiff's Request for Disclosure to Defendant American Security Insurance Company* is attached as "Exhibit A."    *Plaintiff's Request for Disclosure to Defendant Phillip S. Abernathy* is attached as "Exhibit A-1."

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recovers such sums as would reasonably and justly compensate her in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on her behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which she may show herself justly entitled.

Respectfully submitted,

THE MOSTYN LAW FIRM


*/s/ Amber L. Anderson*
Amber L. Anderson
State Bar No. 90001704
3810 W. Alabama St.
Houston, TX 77027
(713) 861-6616 (Office)
(713) 861-8084 (Facsimile)

**ATTORNEY FOR PLAINTIFF**

Page 15

Certified Document Number: 46850707 - Page 16 of 16



I, Loren Jackson, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this _____ November 16, 2010 _____

Certified Document Number:    46850707  (Total Pages 16)

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

Filed 10 November 4 A9:25
Loren Jackson - District Clerk
Harris County
ED101J016039093
By: keisha singleton

CAUSE NO. 2010-50962

| | | |
|---|---|---|
| RENE D. MORSE, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | OF HARRIS COUNTY, TEXAS |
| AMERICAN SECURITY INSURANCE | § | |
| COMPANY and PHILLIP S. | § | |
| ABERNATHY, | § | |
| | § | 11th JUDICIAL DISTRICT |
| Defendants. | § | |

## DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' PLEA IN ABATEMENT

Defendants American Security Insurance Company and Phillip S. Abernathy ("Defendants") file this Reply to Plaintiff's Response to Defendants' Plea in Abatement against Plaintiff Rene D. Morse ("Plaintiff") as follows:

## INTRODUCTION

1.    Plaintiff brought suit against Defendants in this Hurricane Ike residential hazard insurance lawsuit, asserting various causes of action under the Texas Insurance Code. However, Plaintiff has not provided the statutory notice required by section 541.154 of the Texas Insurance Code in order to pursue these causes of action. Therefore, this Court should abate these proceedings pursuant to section 541.155 of the Texas Insurance Code.

2.    In her Response to Defendants' Plea in Abatement ("Response"), Plaintiff argues that the applicable two-year statute of limitations would have barred her insurance code actions on September 13, 2010, which is two years after the date Hurricane Ike made landfall on the Texas coast. Plaintiff argues that she should therefore benefit from an exception to the statutory notice requirement that applies when adherence to the usual requirements would result in Plaintiff filing her petition after the expiration of the statute of limitations. *See* Exhibit A,

Response to Plea in Abatement ¶¶ 6–7.  If Plaintiff's contention that the statute of limitations deadline for her claim was on September 13, 2010, then Plaintiff's causes of action must have arisen on or before September 13, 2008.  As American Security was not notified of Plaintiff's loss until September 17, 2008, Plaintiff is either denying her statement of facts in her Original Complaint and consequently her suit should be dismissed or her statute of limitations argument is entirely without merit.   In addition, Plaintiff has also failed to demonstrate why it was impracticable for Plaintiff to give Defendants notice prior to filing her suit when the alleged acts and omissions of Defendants occurred over a year and several months before the filing..

## ARGUMENT

A.     **Plaintiffs cannot benefit from an exception to Texas Insurance Code notice requirements because Plaintiff's claim as alleged occurred after September 13, 2008.**

3.     The Texas Insurance Code requires the Plaintiffs to provide written notice of their claims against Defendants at least 61 days before filing suit.  TEX. INS. CODE § 541.154(a). Plaintiffs are excepted from this requirement if providing such statutory notice would cause Plaintiffs to file suit after expiration of the statute of limitations.  *Id.* § 541.154(c)(1).  Plaintiffs claim to fall within this exception to the statutory notice requirements.  *See* Exhibit A, Response to Plea in Abatement ¶¶ 6–7.

4.     A two year statute of limitations applies to Plaintiffs' insurance claims against Defendants.  TEX. INS. CODE § 541.162(a).  Plaintiff claims that the applicable statute of limitations deadline is September 13, 2010, two years after September 13, 2008.  The statute of limitations, however, does not begin to run until, at the earliest, "the date the unfair method of competition or unfair or deceptive act or practice occurred."  *Id.*  Thus Plaintiff is arguing that Defendants committed an unfair or deceptive act on or before September 13, 2008.  As

Certified Document Number: 46850705 - Page 2 of 6

Hurricane Ike struck Houston on September 13, 2008, it is impossible for Defendants to have committed a deceptive act or practice with respect to Plaintiffs' Hurricane Ike insurance claim on or before September 13, 2008.  Consequently Plaintiff's assertion that her statute of limitation deadline is September 13, 2010, is therefore completely without merit.

5.     If Plaintiff's assertion that her statute of limitations deadline is correctly September, 13, 2010, then Plaintiff is alleging that Defendants engaged in actionable conduct on or before September 13, 2008.  Such an assertion directly contradicts Plaintiff's allegations in her original petition which allege actionable conduct after Hurricane Ike struck Houston, i.e. after September 13, 2008.  *See* Exhibit B Plaintiff's Original Petition ¶¶ 12–13.  Consequently Plaintiff in her Response to Defendants' Plea in Abatement has denied the facts as alleged against Defendants in her Original Petition and consequently Plaintiff cannot sustain any of the causes of action alleged against Defendants.

**B.     Plaintiff has not demonstrated why it was impracticable to provide notice prior to filing suit.**

6.     Plaintiff argues that Section (c) of Tex. Ins. Code § 541.154 that states that "the notice is not required if giving notice is impracticable because the action (1) must be filed to prevent the statute of limitations from expiring."  Plaintiff has not demonstrated why Plaintiff had been unable to give Defendants notice of her claim that, per Plaintiff's Original Petition, occurred shortly after Hurricane Ike.  Plaintiff provides no basis as to why providing a notice letter detailing plaintiff's actual damages and expenses incurred including attorney's fees was impracticable.  Plaintiff's Response to Defendants' Plea in Abatement gave no indication that Plaintiff was somehow prevented from asserting any claims against Defendants prior to Plaintiff's filing date or that Plaintiff could not discover that Plaintiff may have been a victim of the acts as alleged in Plaintiff's original petition.  Plaintiff's facially arbitrary date of filing her

3

lawsuit does not suggest that notice was impracticable but rather that Plaintiff wished to circumvent notice requirements and engage in asserting baseless claims simply because Plaintiff was unhappy with the settlement she was provided.

7.      If Plaintiff had provided a notice letter *after* filing suit, any subsequent abatement would not invoke limitations issues but would merely abate the proceeding and give Defendants the statutorily provided period to respond, possibly with an offer of settlement. Plaintiff's decision to not provide notice had nothing to do with impending statute of limitations deadlines. Plaintiff's failure to provide notice was an attempt to disregard statutory provisions and needlessly extend this matter by not providing Defendants with a statutorily required notice of the actual damages and expenses, including attorney's reasonably incurred in asserting her claim.

<div align="center"><u>CONCLUSION</u></div>

8.      Plaintiff has brought suit against Defendants, alleging various causes of action under the Texas Insurance Code, but has failed to provide the statutory notice that the Code requires. Plaintiff argues that they she is entitled to an exception to the usual statutory notice requirements because of a supposedly looming expiration date for the statute of limitations. This argument fails because, by virtue of making this assertion, Plaintiff is implying that the actionable conduct regarding the handling of Plaintiff's Hurricane Ike claim took place on or before September 13, 2008, the day Hurricane Ike struck. In addition Plaintiff has made no demonstration whatsoever as to why providing notice prior to filing suit was impracticable or for that matter why providing notice after was also impracticable. The mere assertion that Plaintiff filed her lawsuit close to the date of an allegedly impending deadline does not proscribe Plaintiff from providing notice. Because Plaintiff has failed to provide notice of their insurance claims as required by section 541.154 of the Texas Insurance Code, this Court should abate these proceedings until Plaintiff provide the proper statutory notice. TEX. INS. CODE § 541.155. In the

Certified Document Number: 46850705 - Page 4 of 6

alternative, Defendants ask that Plaintiff be compelled to provide the statutorily required notice so that Defendants can evaluate settlement options and bring this matter to prompt resolution.

Dated:  November 4, 2010

Respectfully submitted,

EDISON, MCDOWELL & HETHERINGTON LLP

By: _David T. McDowell vip saq._
    David T. McDowell
    State Bar No. 00791222
    Shannon A.S. Quadros
    State Bar No. 24072766
Phoenix Tower
3200 Southwest Freeway, Suite 2920
Houston, Texas 77027
Telephone:  713-337-5597
Facsimile:  713-337-8857

*Attorneys for American Security Insurance*
*Company and Phillip S. Abernathy*

Certified Document Number: 46850705 - Page 5 of 6

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on November 4, 2010, on the following counsel of record by certified mail, return receipt requested:

Amber L. Anderson
THE MOSTYN LAW FIRM
3810 W. Alabama Street
Houston, Texas  77027
*Attorney for Plaintiffs*

_____
Shannon A.S. Quadros

Certified Document Number: 46850705 - Page 6 of 6



I, Loren Jackson, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this _____ November 16, 2010 _____

Certified Document Number:    46850705  (Total Pages 6)

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

Filed 10 October 20 P2:23
Loren Jackson - District Clerk
Harris County
ED101J016016788
By: angellla Dozler

CAUSE NO. 2010-50962

| | | |
|---|---|---|
| RENE D. MORSE, | § | IN THE DISRICT COURT OF |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| AMERICAN SECURITY INSURANCE | § | |
| COMPANY AND PHILLIP S. | § | HARRIS COUNTY, TEXAS |
| ABERNATHY, | § | |
|     Defendants. | § | |
| | § | |
| | § | 11th JUDICIAL DISTRICT |

## NOTICE OF HEARING

Please take notice that Defendant American Security Insurance Company's and Phillip S. Abernathy's Plea in Abatement is set for oral hearing on **Monday, November 15, 2010, at 1:30 p.m.** in the District Court of Harris County, 11th Judicial District.

Dated:  October 20, 2010

Respectfully submitted,

EDISON, MCDOWELL & HETHERINGTON LLP

By: _David T. McDowell vp shq._
    David T. McDowell
    State Bar No. 00791222
    Shannon A.S. Quadros
    State Bar No. 24072766

Phoenix Tower
3200 Southwest Freeway, Suite 2920
Houston, Texas 77027
Telephone: 713-337-5580
Facsimile:  713-337-8850

*ATTORNEYS FOR AMERICAN SECURITY
INSURANCE COMPANY AND PHILLIP S.
ABERNATHY*

I, Loren Jackson, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date
Witness my official hand and seal of office
this November 16, 2010

Certified Document Number: 46707258 (Total Pages 2)

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com


Filed 10 October 1 P12:51
Loren Jackson - District Clerk
Harris County
ED101J015988091
By: krystal santos

CAUSE NO. 2010-50962

| | | |
|---|---|---|
| **RENE D. MORSE,** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **AMERICAN SECURITY** | § | |
| **INSURANCE COMPANY AND** | § | |
| **PHILLIP S. ABERNATHY,** | § | |
| **Defendants.** | § | **11TH JUDICIAL DISTRICT** |

**ORDER DENYING DEFENDANTS' PLEA IN ABATEMENT**

The Court, having considered *American Security Insurance Company's and Phillip S. Abernathy's Verified Plea in Abatement* and Plaintiffs' response to the motion to abate proceedings thereto, finds that said Motion lacks merit.

It is, therefore, ORDERED, ADJUDGED AND DECREED that Defendant American Security Insurance Company's and Phillip S. Abernathy's requests for abatement of Plaintiff's causes of action is hereby DENIED.

SIGNED this ________ day of ____________________, 2010.

________________________________
JUDGE PRESIDING

Certified Document Number: 46529833 - Page 1 of 1



I, Loren Jackson, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this _____ November 16, 2010 _____

Certified Document Number: ___46529833__ (Total Pages 1)

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

Filed 10 October 1 P12:51
Loren Jackson - District Clerk
Harris County
ED101J015988091
By: krystal santos

CAUSE NO. 2010-50962

| | | |
|---|---|---|
| RENE D. MORSE, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| AMERICAN SECURITY | § | |
| INSURANCE COMPANY AND | § | |
| PHILLIP S. ABERNATHY, | § | |
| Defendants. | § | 11TH JUDICIAL DISTRICT |

---

**PLAINTIFF'S RESPONSE TO DEFENDANTS AMERICAN SECURITY INSURANCE COMPANY'S AND PHILLIP S. ABERNATHY'S VERIFIED PLEA IN ABATEMENT**

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Rene D. Morse ("Plaintiff"), and files this *Plaintiff's Response to Defendants American Security Insurance Company's and Phillip S. Abernathy's Verified Plea in Abatement*. Plaintiff requests the Court deny Defendant American Security Insurance Company's and Phillip S. Abernathy's Verified Plea in Abatement. In support thereof, pursuant to the Texas Rules of Civil Procedure, Plaintiff would show this Honorable Court the following:

## I.
## INTRODUCTION

1.     The causes of action making the basis of this lawsuit arise out of an insurance claim made by Plaintiff for damages to her property located in Harris County, Texas ("the Property"). Plaintiff made a claim against her Texas Homeowners' Insurance Policy, issued by Defendant American Security Insurance Company, seeking coverage for damages to the Property arising from Hurricane Ike. The claim was subsequently denied even though the Policy provided coverage for said damages.

Certified Document Number: 46529831 - Page 1 of 4

2.      Plaintiff has alleged that Defendant American Security Insurance Company failed to pay the full proceeds of the Policy, failed to conduct a reasonable investigation, and failed to adequately settle Plaintiff's claim.  As a result, Plaintiff brought suit against Defendants for damages resulting from the mishandling of Plaintiff's claim for coverage.

## II.
## BACKGROUND

3.      On August 16, 2010, Plaintiff filed *Plaintiff's Original Petition* alleging that Defendants wrongfully denied her claim for insurance benefits to which they were entitled under the Policy.  Plaintiff brought causes of action against Defendant American Security Insurance Company for breach of contract and breach of the duty of good faith and fair dealing. Plaintiff brought causes of action against all Defendants for violations of the Texas Insurance Code, for common law fraud, and conspiracy to commit fraud.

4.      Defendants filed their *Verified Plea in Abatement* on September 22, 2010.  Defendants generally contend that they are entitled to abatement of Plaintiff's claim because of improper statutory written notice under Texas Insurance Code Section 541.154.  Plaintiff offers the following arguments and authorities demonstrating why abatement of the claim is not proper in this case.

## III.
## ARGUMENTS & AUTHORITIES

A.      PLAINTIFF IS IN COMPLIANCE WITH TEXAS INSURANCE CODE §541.154.

5.      The statute of limitations for Hurricane Ike related claims expired on September 13, 2010.  Since Plaintiff filed her claim on August 16, 2010, offering Defendants a sixty (60) day notice period is not practicable.

6.      Plaintiff's claims are not subject to abatement at this time. The notice provision specifically provides that: "An abatement under this section continues until the 60th day

Certified Document Number: 46529831 - Page 2 of 4

after the date notice is provided in compliance with Section 541.154."[1] However, Section (c) further states that **notice is not required when it is impracticable** because the suit must be filed to prevent the statute of limitations from expiring.[2]

7.    In this instance, the statute of limitations for Hurricane Ike related cases expired on September 13, 2010. If Plaintiff had given Defendants a sixty (60) day notice period, Plaintiff would be entitled to file her claim on October 15, 2010; thereby missing the statute of limitations and rendering Plaintiff's claims foreclosed.  Under the Texas Insurance Code, Plaintiff is not required to give the traditional sixty (60) days notice because doing so would cause the statute of limitations to expire.  Plaintiff is therefore in compliance with the Texas Insurance Code, and Defendants are not entitled to the sixty (60) day pre-suit notice.  Consequently, this Court should refuse to abate Plaintiff's claim because Plaintiff has complied with the notice provisions of the Texas Insurance Code.

## IV.
## CONCLUSION

8.    This Court should deny *Defendants American Security Insurance Company's and Phillip S. Abernathy's Verified Plea in Abatement* and refuse to abate Plaintiff's claim as there is no statutory authority to allow abatement.  Plaintiff is not required to send the traditional sixty (60) day notice because it would be impracticable to do so.  Accordingly, this Court should deny Defendants' Verified Plea in Abatement as abatement for an additional sixty (60) days is improper.

---

[1] TEX. INS. CODE § 541.155(d).
[2] TEX. INS. CODE § 541.154(c).

Page 3

## V.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays this Honorable Court to deny *Defendants American Security Insurance Company's and Phillip S. Abernathy's Verified Plea in Abatement.* Plaintiff also requests any other further relief, either at law or in equity, to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

THE MOSTYN LAW FIRM

*/s/ Amber L. Anderson*
Amber L. Anderson
State Bar No. 90001704
3810 W. Alabama St.
Houston, Texas 77027
(713) 861-6616 (Office)
(713) 861-8084 (Facsimile)

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to all counsel of record on this 1st day of October, 2010 in accordance with the Texas Rules of Civil Procedure.

David T. McDowell
Shannon A.S. Quadros
**Edison, McDowell, & Hetherington, LLP**
Phoenix Tower
3200 Southwest Freeway, Suite 2920
Houston, Texas 77027

*/s/ Amber L. Anderson*
Amber L. Anderson



I, Loren Jackson, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this _____ November 16, 2010 _____

Certified Document Number: ___46529831__ (Total Pages 4)

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

Filed 10 October 1 P12:51
Loren Jackson - District Clerk
Harris County
ED101J015988091
By: krystal santos

CAUSE NO. 2010-50962

| | | |
|---|---|---|
| RENE D. MORSE, | § | IN THE DISTRICT COURT OF |
|     Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| AMERICAN SECURITY | § | |
| INSURANCE COMPANY AND | § | |
| PHILLIP S. ABERNATHY, | § | |
|     Defendants. | § | |
| | § | 11TH JUDICIAL DISTRICT |

---

## VERIFICATION

---

ON THIS DAY. Katherine D. Ramsey, the affiant, appeared before me, the undersigned notary public, who personally knows the affiant to be the person whose signature appears below. The affiant stated under oath as follows:

My name is Katherine D. Ramsey. I am over twenty-one (21) years of age, of sound mind, and fully capable of making this affidavit. I am an associate in the law firm representing Plaintiffs in the above-styled and numbered cause. I attest that each statement of fact related to the dates of filing and receipt of the pleadings and motions within *Plaintiff's Response to Defendants American Security Insurance Company's and Phillip S. Abernathy's Verified Plea in Abatement* is within my personal knowledge and are true and correct.

FURTHER AFFIANT SAITH NOT.



EXHIBIT
1

_Katherine D. Ramsey_
Katherine D. Ramsey

STATE OF TEXAS          §
COUNTY OF HARRIS        §

SUBSCRIBED AND SWORN TO, before me, the undersigned authority, by Katherine D. Ramsey on this, 1st day of October, 2010, to which witness my hand and seal of office.

_Delia Seg___
Notary Public in and for the State of Texas

_Delia Segoviand Cooney_
Printed Name

DELIA SEGOVIANO COONEY
My Commission Expires
May 22, 2012

My Commission Expires:
_2012_



I, Loren Jackson, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this _____ November 16, 2010 _____

Certified Document Number: ___46529832_ (Total Pages 2)

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

Filed 10 September 22 A9:35
Loren Jackson - District Clerk
Harris County
ED101J015971660
By: Kyndria Perkins

CAUSE NO. 2010-50962

| | | |
|---|---|---|
| RENE D. MORSE, | § | IN THE DISRICT COURT OF |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| AMERICAN SECURITY INSURANCE | § | |
| COMPANY AND PHILLIP S. | § | HARRIS COUNTY, TEXAS |
| ABERNATHY, | § | |
|     Defendants. | § | |
| | § | |
| | § | |
| | § | |
| | § | 11th JUDICIAL DISTRICT |

## AMERICAN SECURITY INSURANCE COMPANY'S AND PHILLIP S. ABERNATHY'S PLEA IN ABATEMENT

Defendants American Security Insurance Company and Phillip S. Abernathy ("Abernathy") (collectively "Defendants") file this Plea in Abatement against Plaintiff Rene D. Morse ("Plaintiff") as follows:

1.    On August 16, 2010, Plaintiff Rene D. Morse commenced this action by filing an Original Petition ("Original Petition") in the 11th Judicial District Court of Harris County, Texas, styled Cause No. 2010-50962; *Rene D. Morse v. American Security Insurance Company and Phillip S. Abernathy.*[1]

2.    Defendants American Security and Abernathy filed their Original Answer on September 14, 2010.[2]  This plea in abatement is filed within thirty days of Defendant's Original Answer pursuant to Section 541.155 of the Texas Insurance Code.[3]

3.    Plaintiff's Original Petition alleges, among other causes of action, multiple

---

[1] *See* Attached Exhibit A, Plaintiff Original Petition.
[2] *See* Attached Exhibit B, Defendants' Original Answer.
[3] Tex. Ins. Code § 541.155 (West 2009).

violations of Chapters 541 and 542 of the Texas Insurance Code.[4]

     4.    The Texas Insurance Code requires that a "person seeking damages in an action against another person under this subchapter must provide written notice to the other person not later than the 61st day before the date the action is filed."[5]  When a Plaintiff fails to provide this written notice, the Texas Insurance Code provides that a defendant may "file a plea in abatement not later than the 30th day after the date the [defendant] files an original answer in the court in which the action is pending."[6]  Here, Plaintiff failed to provide Defendants with written notice of his specific complaint, and the amount of actual damages and expenses— including reasonable attorneys' fees — sought through their claims.[7]  Therefore, pursuant to § 541.155 of the Texas Insurance Code, Defendants are entitled to an abatement of this suit until Plaintiff produce such notice.[8]

     WHEREFORE, Defendants American Security Insurance Company and Phillip S. Abernathy pray that this Court abate this lawsuit until such notice is produced as required under the relevant statues. and for such other and further relief that may be awarded at law or in equity.

Respectfully submitted,

EDISON, MCDOWELL & HETHERINGTON LLP

By: _David T. McDowell vp smq._

David T. McDowell
State Bar No. 00791222
Shannon A.S. Quadros
State Bar No. 24072766

---

[4] *See* Exhibit A, ¶¶ 32–37,45–54.
[5] *See* Tex. Ins. Code § 541.154(a) (West 2009).
[6] *See* Tex. Ins. Code § 541.155(a) (West 2009).
[7] *See* Attached Exhibit C, Affidavit of E. James Kroll.
[8] *See* Tex. Ins. Code § 541.155 (West 2009).

EMH 73752                2

Certified Document Number: 46435588 - Page 2 of 3

Phoenix Tower
3200 Southwest Freeway, Suite 2920
Houston, Texas 77027
Telephone:  713-337-5580
Facsimile:  713-337-8850

*ATTORNEYS FOR AMERICAN SECURITY
INSURANCE COMPANY AND PHILLIP S.
ABERNATHY*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on the September 22, 2010, on the following counsel of record by certified mail, return receipt requested:

Amber Anderson
THE MOSTYN LAW FIRM
3810 West Alabama Street
Houston, TX  77027

_____
Shannon A.S. Quadros

Certified Document Number: 46435588 - Page 3 of 3



I, Loren Jackson, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this _____ November 16, 2010 _____

Certified Document Number: ____46435588__ (Total Pages 3)

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

Filed 10 September 22 A9:35
Loren Jackson - District Clerk
Harris County
ED101J015971660
By: Kyndria Perkins

# EXHIBIT A

Filed 10 August 16 P4:49
Loren Jackson - District Clerk
Harris County
ED101J015914097 .
By: Furshlila McGee

| 2010-50962 / Court: 011 |
|---|

CAUSE NO._____

| RENE D. MORSE, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| AMERICAN SECURITY | § | |
| INSURANCE COMPANY AND | § | |
| PHILLIP S. ABERNATHY, | § | |
| Defendant. | § | __ _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Rene D. Morse ("Plaintiff"), and files this *Plaintiff's Original Petition*, complaining of American Security Insurance Company ("American Security") and Phillip S. Abernathy ("Abernathy") (to whom will be collectively referred as "Defendants"), and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this . suit.

### PARTIES

2.  Plaintiff Rene D. Morse is an individual residing in Harris County, Texas.

3.  Defendant American Security is an insurance company engaging in the business of insurance in the State of Texas. This defendant may be served with personal process, by

a process server, by serving its Registered Agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

4.   Defendant Phillip S. Abernathy is an individual residing in and domiciled in the State of South Carolina. This defendant may be served with personal process by a process server at his place of residence at 111 Chapelwood Drive, Columbia, South Carolina 29229-7113.

## JURISDICTION

5.   The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

6.   The Court has jurisdiction over Defendant American Security because this defendant is a foreign insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

7.   The Court has jurisdiction over Defendant Abernathy because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

## VENUE

8.   Venue is proper in Harris County, Texas, because the insured property is situated in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

9.   Plaintiff is the owner of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by American Security.

Certified Document Number: 46435589 - Page 3 of 25
Certified Document Number: 46087197 - Page 2 of 15

10.     Plaintiff owns the insured property, which is specifically located at 7701 Langley Rd,
        Houston, Texas 77016, in Harris County (hereinafter referred to as "the Property").

11.     American Security sold the Policy insuring the Property to Plaintiff.

12.     On or about September 12, 2008, in the late evening going into the early morning hours
        of September 13, 2008, Hurricane Ike struck Harris County, Texas, causing severe
        damage to homes and businesses throughout the gulf-coast region of Texas, including
        Plaintiff's residence.   Plaintiff's roof sustained extensive damage during the storm.
        Water intrusion through the roof caused significant damage throughout the interior of the
        home and garage including, but not limited to, the home's ceilings, walls, insulation, and
        flooring.   Plaintiff's home also sustained substantial structural and exterior damage
        during the storm.  There was also damage to the garage door, siding, and windows of the
        home.  Furthermore, Plaintiff sustained significant damage to her personal belongings
        and contents within the home.  Immediately after the storm, Plaintiff filed a claim with
        her insurance company, American Security, for the damages to her home caused by
        Hurricane Ike.

13.     Plaintiff submitted a claim to American Security against the Policy for ALE, Contents
        Damage, Roof Damage, Structural Damage, Water Damage, and Wind Damage the
        Property sustained as a result of Hurricane Ike.

14.     Plaintiff asked that American Security cover the cost of repairs to the Property pursuant
        to the Policy.

15.     Defendant American Security assigned Defendant Abernathy as the individual adjuster
        on the claim.   Abernathy inspected Plaintiff's entire home for hurricane damages in
        merely twenty (20) minutes.  Abernathy conducted a substandard inspection which is

Certified Document Number: 46435589 - Page 4 of 25
Certified Document Number: 46087197 - Page 3 of 15

evident in his report which failed to include many of Plaintiff's damages noted upon inspection. His estimate did not allow adequate funds to cover repairs to all the damages sustained. As a result, Plaintiff has not been able to make necessary repairs to restore her home. Furthermore, the delay in making repairs caused by the unreasonable investigation and underpayment of the claim has caused Plaintiffs additional damage.

16. As detailed in the paragraphs below, American Security wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, American Security underpaid some of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

17. To date, American Security continues to delay in the payment for the damages to the property. As such, Plaintiff has not been paid in full for the damages to her home.

18. Defendant American Security failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. American Security's conduct constitutes a breach of the insurance contract between American Security and Plaintiff.

19. Defendants American Security and Abernathy misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants American Security's and Abernathy's conduct

Certified Document Number: 46435589 - Page 5 of 25

Certified Document Number: 46087197 - Page 4 of 15

constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

20.     Defendants American Security and Abernathy failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants American Security's and Abernathy's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

21.     Defendants American Security and Abernathy failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants American Security and Abernathy failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants American Security and Abernathy did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants American Security's and Abernathy's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

22.     Defendants American Security and Abernathy failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants American Security and Abernathy. Defendants American Security's and Abernathy's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

Certified Document Number: 46435589 - Page 6 of 25
Certified Document Number: 46087197 - Page 5 of 15

23.     Defendants American Security and Abernathy refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants American Security and Abernathy failed to conduct a reasonable investigation.  Specifically, Defendants American Security and Abernathy performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.   Defendants American Security's and Abernathy's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a)(7).

24.     Defendant American Security failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim.  American Security's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

25.     Defendant American Security failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information.  American Security's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

26.     Defendant American Security failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.   Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for her claim. American Security's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

Certified Document Number: 46435589 - Page 7 of 25
Certified Document Number: 46087197 - Page 6 of 15

27.    From and after the time Plaintiff's claim was presented to Defendant American Security, the liability of American Security to pay the full claim in accordance with the terms of the Policy was reasonably clear.   However, American Security has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.   American Security's conduct constitutes a breach of the common law duty of good faith and fair dealing.

28.    Defendants American Security and Abernathy knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

29.    As a result of Defendants American Security's and Abernathy's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing her with respect to these causes of action.

30.    Plaintiff's experience is not an isolated case.   The acts and omissions American Security committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of American Security with regard to handling these types of claims.   American Security's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST ABERNATHY

#### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
#### UNFAIR SETTLEMENT PRACTICES

31.    Defendant Abernathy's conduct constitutes multiple violations of the Texas Insurance
       Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under
       this article are made actionable by TEX. INS. CODE §541.151.

32.    Defendant Abernathy is individually liable for his unfair and deceptive acts, irrespective
       of the fact he was acting on behalf of American Security, because he is a "person" as
       defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual,
       corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan,
       fraternal benefit society, or other legal entity engaged in the business of insurance,
       including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS.
       CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v.
       Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance
       company employee to be a "person" for the purpose of bringing a cause of action against
       him or her under the Texas Insurance Code and subjecting him or her to individual
       liability)).

33.    Defendant Abernathy's unfair settlement practice, as described above, of misrepresenting
       to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of
       competition and an unfair and deceptive act or practice in the business of insurance. TEX.
       INS. CODE §541.060(a)(1).

34.    Defendant Abernathy's unfair settlement practice, as described above, of failing to
       attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim,

Certified Document Number: 46435589 - Page 9 of 25
Certified Document Number: 46087197 - Page 8 of 15

even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

35.   The unfair settlement practice of Defendant Abernathy as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

36.   Defendant Abernathy's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

37.   Defendant Abernathy's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

### FRAUD

38.   Defendants American Security and Abernathy are liable to Plaintiff for common law fraud.

39.   Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as she did,

Certified Document Number: 46435589 - Page 10 of 25
Certified Document Number: 46087197 - Page 9 of 15

and which Defendants American Security and Abernathy knew were false or made recklessly without any knowledge of their truth as a positive assertion.

40.  The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD

41.  Defendants American Security and Abernathy are liable to Plaintiff for conspiracy to commit fraud. Defendants American Security and Abernathy were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendants American Security and Abernathy committed an unlawful, overt act to further the object or course of action. Plaintiff suffered injury as a proximate result.

### CAUSES OF ACTION AGAINST AMERICAN SECURITY ONLY

42.  Defendant American Security is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

43.  Defendant American Security's conduct constitutes a breach of the insurance contract made between American Security and Plaintiff.

44.  Defendant American Security's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question,

Certified Document Number: 46435589 - Page 11 of 25
Certified Document Number: 46087197 - Page 10 of 15

and under the laws of the State of Texas, constitutes a breach of American Security's insurance contract with Plaintiff.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

45.   Defendant American Security's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a).  All violations under this article are made actionable by TEX. INS. CODE §541.151.

46.   Defendant American Security's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

47.   Defendant American Security's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though American Security's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

48.   Defendant American Security's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

49.   Defendant American Security's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an

Certified Document Number: 46435589 - Page 12 of 25
Certified Document Number: 46087197 - Page 11 of 15

unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE §541.060(a)(4).

50.    Defendant American Security's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

<div align="center">

**NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**
**THE PROMPT PAYMENT OF CLAIMS**

</div>

51.    Defendant American Security's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are made actionable by TEX. INS. CODE §542.060.

52.    Defendant American Security's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

53.    Defendant American Security's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

54.    Defendant American Security's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

Certified Document Number: 46435589 - Page 13 of 25
Certified Document Number: 46087197 - Page 12 of 15

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

55.     Defendant American Security's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

56.     Defendant American Security's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, American Security knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### KNOWLEDGE

57.     Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

### DAMAGES

58.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

59.     As previously mentioned, the damages caused by Hurricane Ike have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant American Security's and Abernathy's mishandling of Plaintiff's claim in violation of the laws set forth above.

60.     For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of her claim, together with attorney's fees.

61.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been

Certified Document Number: 46435589 - Page 14 of 25
Certified Document Number: 46087197 - Page 13 of 15

paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times her actual damages. TEX. INS. CODE §541.152.

62. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

63. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

64. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

65. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### JURY DEMAND

66. Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiff hereby tenders the appropriate jury fee.

Certified Document Number: 46435589 - Page 15 of 25
Certified Document Number: 46087197 - Page 14 of 15

## WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURE

67.   *Plaintiff's Request for Disclosure to Defendant American Security Insurance Company* is attached as "Exhibit A."   *Plaintiff's Request for Disclosure to Defendant Phillip S. Abernathy* is attached as "Exhibit A-1."

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recovers such sums as would reasonably and justly compensate her in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on her behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which she may show herself justly entitled.

Respectfully submitted,

THE MOSTYN LAW FIRM

/s/ Amber L. Anderson
Amber L. Anderson
State Bar No. 90001704
3810 W. Alabama St.
Houston, TX  77027
(713) 861-6616 (Office)
(713) 861-8084 (Facsimile)

**ATTORNEY FOR PLAINTIFF**

Certified Document Number: 46435589 - Page 16 of 25
Certified Document Number: 46087197 - Page 15 of 15



I, Loren Jackson, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this  August 16, 2010

Certified Document Number:  46087197 Total Pages: 15



LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

2010-50962 / Court: 011

Cause No.

Filed 10 August 16 P4:49
Loren Jackson - District Clerk
Harris County
ED101J015914097
By: Furshilla McGee

| | | |
|---|---|---|
| Rene Morse | § | IN THE DISTRICT COURT OF |
| Plaintiff | § | |
| | § | HARRIS COUNTY, TEXAS |
| American Security Insurance Company and Phillip S. Abernathy | § | |
| Defendant | § | _____ JUDICIAL DISTRICT |

## CIVIL CASE INFORMATION SHEET

This form must be completed and filed with every original petition, and a copy attached to every original petition served. The information should be the best available at the time of filing, understanding that such information may change before trial. This information does not constitute a discovery request, response, or supplementation, and is not admissible at trial.

Service must be obtained promptly. Notice is hereby given that, per Harris County Local Rule 3.6, any case in which no answer has been filed or default judgment signed FOUR (4) MONTHS from filing will be eligible for DISMISSAL FOR WANT OF PROSECUTION.

Type of action: ☐ Commercial   ☐ Personal Injury   ☐ Death   ☒ Other

Check all claims pled:

| | | | |
|---|---|---|---|
| ☐ Account due | ☐ Defamation | ☒ Fraud | ☐ Products liability |
| ☐ Admiralty | ☐ Disbarment | ☐ Garnishment | ☐ Post judgment |
| ☐ Assault | ☐ Discrimination | ☐ Injunction/TRO | ☐ Railroad |
| ☐ Asbestosis | ☐ Dram shop | ☒ Insurance bad faith | ☐ Real estate |
| ☐ Auto | ☐ DTPA | ☐ Malicious prosecution | ☐ Securities fraud |
| ☐ Bill of review | ☐ Employment discharge | ☐ Malpractice/Legal | ☐ Sequestration |
| ☐ Conspiracy | ☐ Expunction | ☐ Malpractice/Medical | ☐ Silicone implant |
| ☒ Contract | ☐ False imprisonment | ☐ Name change | ☐ Tortious interference |
| ☐ Deed restriction | ☐ Foreclosure | ☐ Note | ☐ Trespass |
| ☐ Declaratory judgment | ☐ Forfeiture | ☐ Premises liability | ☐ Workers compensation |
| | ☐ Other _____ | | |

Has this dispute previously been in the Harris County courts? ☒ No   ☐ Yes, in the following court: _____

Monetary damages sought   ☐ less than $50,000   ☐ 50,001 - $100,000   ☒ greater than $100,000

Estimated time needed for discovery   ☐ 0-3 months   ☐ 4-6 months   ☐ 7-12 months   ☒ >1 year

Estimated time needed for trial:   ☐ 1-2days   ☐ 3-5 days   ☒ 6-10 days   ☐ > 10 days

Are you going to request Level 3 status?   ☒ Yes   ☐ No
If yes, please state your estimate for total hours of deposition per side:  180  and the number of interrogatories needed for each party to serve on any other party: 50 per defendant.

Name of party filing this cover sheet:

Signature of attorney or pro se filing cover sheet: /s/ Amber L. Anderson
  Name printed: Amber L. Anderson
  Phone No: (713) 861-6616          Bar No: 90001704

### FOR COURT USE ONLY:

Track assigned   ☐ Track 1   ☐ Track 2   ☐ Track 3

Court Coordinator_____   Date: _____

Certified Document Number: 46435589 - Page 18 of 25

Certified Document Number: 46087198 - Page 1 of 1



I, Loren Jackson, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this August 16, 2010

Certified Document Number:   46087198 Total Pages: 1



LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

Certified Document Number: 46435589 - Page 19 of 25

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

# "EXHIBIT A"

### CAUSE NO._____

| | | |
|---|---|---|
| **RENE D. MORSE,** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **AMERICAN SECURITY** | § | |
| **INSURANCE COMPANY AND** | § | |
| **PHILLIP S. ABERNATHY,** | § | |
| **Defendant.** | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANT
## AMERICAN SECURITY INSURANCE COMPANY

**TO:   DEFENDANT AMERICAN SECURITY INSURANCE COMPANY,** by and through its Attorney for Service: Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that the above-named Defendant, American Security Insurance Company (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

THE MOSTYN LAW FIRM

*/s/ Amber L. Anderson*
Amber L. Anderson
State Bar No. 90001704
3810 W. Alabama St.
Houston, TX 77027
(713) 861-6616 (Office)
(713) 861-8084 (Facsimile)

**ATTORNEY FOR PLAINTIFF**

"EXHIBIT A-1"

CAUSE NO._____

| | | |
|---|---|---|
| RENE D. MORSE,<br>    Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§ | HARRIS COUNTY, TEXAS |
| AMERICAN SECURITY<br>INSURANCE COMPANY AND<br>PHILLIP S. ABERNATHY,<br>    Defendant. | §<br>§<br>§<br>§ | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANT
## PHILLIP S. ABERNATHY

**TO:   DEFENDANT PHILLIP S. ABERNATHY**, 111 Chapelwood Drive, Columbia, South Carolina 29229-7113.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that the above-named Defendant, Phillip S. Abernathy (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

THE MOSTYN LAW FIRM

*/s/ Amber L. Anderson*
Amber L. Anderson
State Bar No. 90001704
3810 W. Alabama St.
Houston, TX  77027
(713) 861-6616 (Office)
(713) 861-8084 (Facsimile)

**ATTORNEY FOR PLAINTIFF**

| IN RE: | § | IN THE DISTRICT COURT OF |
| | § | |
| HURRICANE IKE | § | |
| | § | HARRIS COUNTY, TEXAS |
| RESIDENTIAL PROPERTY | § | |
| | § | |
| CLAIM LITIGATION | § | 11TH JUDICIAL DISTRICT |

### STANDING PRETRIAL ORDER CONCERNING
### RESIDENTIAL HURRICANE IKE CASES

All residential Hurricane Ike cases filed in the District Courts of Harris County, Texas have been transferred to the 11th District Court as a Special Docket pursuant to Rule 3.2.3(c) of the Civil Trial Division of Harris County. After consideration of pretrial issues and discussion with counsel representing claimants and counsel representing residential insurance carriers, the court finds that pretrial matters should be expedited for the efficient handling of such claims.

IT IS ACCORDINGLY ORDERED AS FOLLOWS:

A.   This Order shall be effective and apply to all lawsuits filed in the District Courts of Harris County, Texas in which any policyholder (the "Plaintiff") asserts a claim arising from damage to residential property caused by Hurricane Ike, against an insurance carrier who issues insurance policies for residential property (the "carrier").

B.   All parties subject to this order must electronically file using TexasOnline at www.texasonline.com and in compliance with the Harris County Local Rules regarding electronic filing. Each party will register with TexasOnline for receipt of electronic service, and copies of each filing will be electronically served on all parties in the case. The District Clerk is ordered to notify all parties subject to this Order of this Order and the Harris County Local Rules concerning the electronic filing of court documents. This notification may be included with citation issued to any party; if no citation is to be issued, then it may be sent by any method specified in TRCP Rule 21a. Any Plaintiff who is aware of this Order should attach a copy of this Order to her Original Petition in all cases filed after the date of this Order. In addition to the notification required of the District Clerk in this paragraph, Plaintiff is also responsible for notifying all parties in existing and future cases of this Order. A copy of this Order will be posted on the court's website at www.justex.net/civil/11.

C.   Within one hundred (100) days after the carrier makes an appearance in the lawsuit, or the date of this Order, whichever is later, all parties are ordered to agree on a mediator and mediation date. However, the mediation can be set to occur outside of this time period. Once the parties have agreed on a mediator

and mediation date, they shall notify the 11th Court Coordinator, Rhonda Harrison, of the date of the mediation and the mediator.

D.     Immediately upon the filing of the carrier's Original Answer, the case will be abated until (1) 30 days after the date of the letter from the mediator declaring an impasse or (2) notice by any party that the party desires to unilaterally end the abatement period applicable to a particular case 30 days from the date the notice is received by the opposing party. The abatement period will apply to all court ordered deadlines or Rule 190 discovery deadlines. The abatement period will not apply to any statutory deadline, interest or penalties that may apply under any statutory code or law. The parties may send written discovery during the abatement time period, however, the responses and objections to those discovery requests will not be due until 30 days after the earlier of an impasse letter from the mediator or a party's termination of the abatement period. It is the intent of this Order that if a party elects to participate in mediation or any other provisions of this Order, or elects to opt out, such actions alone will not affect any parties' statutory or contractual rights.

E.     Within 60 days of the filing of the carrier's Original Answer or the date of this Order, whichever is later, the parties will use their best efforts to exchange information and documentation pertaining to the residence, to the extent it exists, including the following: expert reports, engineering reports, estimates of damage or repairs, contents lists for contents' damages claims, photographs, repair receipts or invoices, flood claim payments received by Plaintiff(s), including the estimate the flood payment was made on, the non-privileged portions of the carrier's and adjusting company's claims files (including all claim diary notes, activity logs, loss notes and email correspondence regarding the insurance claim), payment ledger, payment log and/or proof of payment from the carrier, a copy of the insurance policy in effect at the time of the Hurricane Ike claim, and the non-privileged portions of the underwriting file. If the carrier is not in possession of the adjusting company's/adjuster's claims file, and the adjusting company/ adjuster is not named as a party in the lawsuit represented by separate counsel, then the insurance carrier shall seek the adjusting company's claims file and use their best efforts to exchange this information within the 60 day time period. The carrier is also ordered to notify the independent adjusting company that all emails, activity notes and loss diary notes pertaining to a hurricane claim in litigation shall be preserved and not destroyed pursuant to this Order. A privilege log will be produced in accordance with the Texas Rules of Civil Procedure for any redactions or privileges being asserted on any documents in the claims file or claim correspondence.

F.     Any expert reports, engineering reports, contractor estimates or any other estimates of damages or repairs obtained by directive of counsel for settlement, demand, or mediation purposes and exchanged prior to mediation, shall be for "mediation purposes only," and shall be considered confidential, except that any estimates and/or reports that are part of the claims file, which were obtained or

-2-

prepared during the claims handling, shall not be considered confidential under this paragraph. Otherwise, such reports and estimates exchanged for mediation purposes shall only be used at trial if Plaintiff or Defendant designates the consultant as a retained testifying expert and does not properly de-designate prior to trial. If a consultant, whose report is produced at mediation, produces a subsequent report for use at trial, the mediation report shall remain confidential unless agreed to otherwise. The reports and estimates are only confidential for the lawsuit in which they are being used. Expert reports designated for mediation purposes shall be returned to the providing party within 14 days of a written request by the providing party for their return after mediation. Such reports shall not be discoverable or admissible at trial or any hearing. If the party procuring the report designates the expert to testify, such party shall have the right to prevent discovery or testimony by the expert regarding the mediation report and any opinions therein. The procuring party may use data such as measurements and photographs without waiving this privilege. Nothing in this paragraph shall prohibit the use of those reports and estimates in any subsequent insurance claims or lawsuits involving the same carrier.

G.   Once a mediation date and mediator are agreed to by all parties, the Defendants shall be permitted one inspection of the residence involved in the lawsuit (as soon as practicable) prior to mediation. If mediation is unsuccessful, the carrier and other Defendants may re-inspect the residence with the same, new or additional experts pursuant to the Texas Rules of Civil Procedure.

H.   The mediator shall notify the court within 48 hours once the case settles or an impasse has been declared by the mediator. This notice shall be in writing and sent to all parties and the court.

I.   Upon the expiration of the abatement period applicable to the case (30 days) the parties will enter into an Agreed Scheduling Order.

J.   The court shall set a Status Conference to occur on each case under this Order 180 days from the date the first answer is filed by any Defendant and provide written notice to all parties of the date and time of the Status Conference.

K.   When any abatement period ends by any method permitted by this Order, the parties will then be governed by the Texas Rules of Civil Procedure and the Harris County Local Rules as in any other civil case.

L.   The requirement of electronic filing in paragraph B does not alter TRCP 191.4 regarding the filing of discovery materials. Certificates of written discovery will continue to be filed (electronically).

M.   Do not file courtesy copies for the court. They will not be accepted.

-3-

Certified Document Number: 46435589 - Page 24 of 25

Signed this __26__ day of __May__, 2009.

_____
Judge Presiding, Judge Miller

**F I L E D**
Loren Jackson
District Clerk

**MAY 26 2009**

Time: _____
Harris County, Texas

By _____
Deputy

Certified Document Number: 46435589 - Page 25 of 25



I, Loren Jackson, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this _____ November 16, 2010 _____

Certified Document Number: ____46435589_ (Total Pages 25)

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

Filed 10 September 22 A9:35
Loren Jackson - District Clerk
Harris County
ED101J015971660
By: Kyndria Perkins

# EXHIBIT B

Certified Document Number: 46435590 - Page 1 of 7

Filed 10 September 14 A11:33
Loren Jackson - District Clerk
Harris County
ED101J015957949
By: Debbie Bucko

CAUSE NO. 2010-50962

| | | |
|---|---|---|
| RENE D. MORSE, | § | IN THE DISRICT COURT OF |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| AMERICAN SECURITY INSURANCE | § | |
| COMPANY AND PHILLIP S. | § | HARRIS COUNTY, TEXAS |
| ABERNATHY, | § | |
|     Defendants. | § | |
| | § | |
| | § | |
| | § | |
| | § | 11th JUDICIAL DISTRICT |

## AMERICAN SECURITY INSURANCE COMPANY'S AND PHILLIP S. ABERNATHY'S ORIGINAL ANSWER

Defendants American Security Insurance Company ("American Security") and Phillip S. Abernathy ("Abernathy") (collectively "Defendants") file this Original Answer against Plaintiff Rene D. Morse ("Plaintiff") as follows:

### I.
### GENERAL DENIAL

1.  Pursuant to Texas Rule of Civil Procedure 92, Defendant asserts a general denial to all claims and causes of action asserted by Plaintiff and demand strict proof thereof by a preponderance of the evidence.

### II.
### VERIFIED DENIAL

2.  Plaintiff's claims are barred in whole or in part, because Plaintiff has no legal capacity to sue and/or Plaintiff is not entitled to recovery in the capacity in which he sues.

3.  Plaintiff's claims against Defendant Abernathy are barred, in whole or in part, because, at all times relevant to the facts in this case Abernathy was an employee of Defendant American Security and was acting within the course and scope of such employment. Therefore,

Certified Document Number: 46435590 - Page 2 of 7

Abernathy is not liable in the capacity in which he has been sued

## III.
## AFFIRMATIVE DEFENSES

      4.      Plaintiff's claims are barred, in whole or in part, by the doctrines of accord and satisfaction, ratification, consent, settlement, payment, release, acquiescence, unclean hands, and/or *in pari delicto*.

      5.      Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to state a claim or cause of action for punitive damages.

      6.      Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

      7.      Plaintiff's claims are barred, in whole or in part, because any damages suffered by Plaintiff were caused by the acts and omissions of a party or parties over whom Defendant did not exercise control or right of control.

      8.      Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to state a claim upon which relief can be granted.  Plaintiff has failed to describe how a denial of the claim converts, what is in fact, a mere contractual claim into extra-contractual tort claims and causes of action under the Texas Insurance Code.

      9.      Plaintiff's claims are barred, in whole or in part, by the specific terms of the Policy contract.

      10.      Plaintiff's claims and allegations of "bad faith" are barred, in whole or in part, because Defendants' liability to Plaintiff was not reasonably clear.  A bona fide controversy existed and continues to exist concerning Plaintiff's entitlement to insurance proceeds from American Security, and American Security's liability, if any, has never become reasonably clear. Accordingly, American Security had a reasonable basis for denying Plaintiff's claim.

LMH 71715

11.     Defendants aver that any award of punitive damages to Plaintiff in this case would be in violation of the constitutional rights and safeguards provided to them under the Constitution of the State of Texas and the Constitution of the United States of America including, without limitation, that there are no constraining limitations placed on a jury's discretion in considering the imposition or amount of punitive damages, there are no meaningful trial court and appellate review mechanisms to constitutionally confirm any punitive damage award, and imposition of a punitive damage award would allow a verdict tainted by passion and prejudice.

12.     Imposition of punitive damages in this case would constitute a violation of Defendants' constitutional rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

13.     Imposition of punitive damages in this case would constitute a violation of due process and/or would be a violation of the statutory law of this state providing for a penalty. Plaintiff is not entitled to an award of punitive damages absent strict compliance with Chapter 41 of the Texas Civil Practice and Remedies Code.

14.     Any award of punitive damages in this case would violate the constitutional rights and safeguards provided to Defendants under the Due Process Clause of the Fourteenth Amendment and/or Fifth Amendment to the Constitution of the United States of America and/or under the Due Course Clause of Article I, Sections 13 and 19 of the Constitution of the State of Texas, in that punitive damages and any method of which they might be assessed are unconstitutionally vague and not rationally related to a legitimate government interest.

15.     Any award of punitive damages in this case would violate the procedural and/or substantive safeguards provided to Defendants under the Fifth, Sixth, Eighth, and/or Fourteenth

Certified Document Number: 46435590 - Page 4 of 7

LMH 71715

Amendments to the Constitution of the United States and/or under Article I, Sections 13 and 19 of the Constitution of the State of Texas, in that punitive damages are penal in nature and, consequently, Defendants are entitled to the same procedural and substantive safeguards afforded to criminal defendants.

16.     Defendants aver that it would violate the Self-Incrimination Clause of the Fifth Amendment to the Constitution of the United States of America and/or Article I, Section 10 of the Constitution of the State of Texas, to impose punitive damages against them, which are penal in nature, yet compel them to disclose potentially incriminating documents and evidence.

17.     It is a violation of the rights and safeguards guaranteed by the Constitution of the United States of America and/or the Constitution of the State of Texas to impose punitive damages against Defendants which are penal in nature by requiring a burden of proof on Plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

18.     Defendants aver that any award of punitive damages to Plaintiff in this case will violate the Eighth Amendment to the Constitution of the United States and/or Article I, Section 13 of the Constitution of the State of Texas, in that said punitive damages would be an imposition of an excessive fine.

19.     It would be unconstitutional to award any punitive damages as such would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 13 and 19 of the Constitution of the State of Texas in that:

Certified Document Number: 46435590 - Page 5 of 7

LMH 71715

a.    Said damages are intended to punish and deter Defendants, and thus this proceeding is essentially criminal in nature;

b.    Defendants are being compelled to be witnesses against themselves in a proceeding essentially and effectively criminal in nature, in violation of their rights to due process;

c.    The Plaintiff's burden of proof to establish punitive damages in this proceeding, effectively criminal in nature, is less than the burden of proof required in other criminal proceedings, and thus violates Defendants' rights to due process;

d.    That inasmuch as this proceeding is essentially and effectively criminal in nature, Defendants are being denied the requirement of notice of the elements of the offense and the law and the authorities authorizing punitive damages are sufficiently vague and ambiguous so as to be in violation of the Due Process Clause of the Fifth Amendment and/or the Fourteenth Amendment of the United States Constitution and also in violation of Article I, Sections 13 and 19 of the Constitution of the State of Texas.

20.    Plaintiff has sustained no injury from the alleged conduct of Defendants.

21.    Plaintiff's claims are barred, in whole or in part, because Defendants' claim-handling practices and all related activities conformed in every respect to accepted industry standards and practices.

22.    Plaintiff's claims are barred, in whole or in part, because Defendants would show that there is an inherent mutual duty of good faith in the agreements related to this action and that Plaintiff may have failed to act in good faith.

23.    There has been no reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of punitive damages as required by Section 41.003 of the Texas Civil Practice & Remedies Code, therefore, that claim should not be allowed to proceed and should be dismissed and in all respects subject to the limitations set forth in Chapter 41 of the Texas Civil Practice & Remedies Code.

24.    Plaintiff is not entitled to the recovery of attorneys' fees and has failed to provide

LMH 71715

the statutory notices required to show entitlement to same.

25.     Defendants expressly reserve and preserve any and all rights they may have under

the Policy or otherwise including, but not limited to, any right they may have to seek appraisal of

the claims at issue.

Respectfully submitted,

EDISON, MCDOWELL & HETHERINGTON LLP

By: _David T. McDowell_ vp SAQ.
           David T. McDowell
           State Bar No. 00791222
           Shannon A.S. Quadros
           State Bar No. 24072766
      Phoenix Tower
      3200 Southwest Freeway, Suite 2920
      Houston, Texas 77027
      Telephone:  713-337-5597
      Facsimile:  713-337-8857

      *ATTORNEYS FOR AMERICAN SECURITY*
      *INSURANCE COMPANY AND PHILLIP*
      *ABERNATHY.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on September 14, 2010, on the following counsel of record by certified mail, return receipt requested:

Amber L. Anderson
THE MOSTYN LAW FIRM
3810West Alabama Street
Houston, TX 77027

_____
               Shannon A.S. Quadros

EMH 71715



I, Loren Jackson, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this _____ November 16, 2010 _____

Certified Document Number:    46435590  (Total Pages 7)

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

Filed 10 September 22 A9:35
Loren Jackson - District Clerk
Harris County
ED101J015971660
By: Kyndria Perkins

# EXHIBIT C

## VERIFICATION OF E. JAMES KROLL

STATE OF GEORGIA    )
                     )
COUNTY OF COBB     )

BEFORE ME, the undersigned authority, on this day personally appeared E. James Kroll, Vice President of Claims for American Security Insurance Company, who after being duly sworn by me, did upon his oath depose and state that he is fully competent and duly authorized to make this verification on behalf of American Security Insurance Company of Florida in the matter styled **Cause No. 2010-50962**; *Rene D. Morse v. American Security Insurance Company and Phillip S. Abernathy*; **In the 11th Judicial District Court of Harris County, Texas**; and that he has read the foregoing PLEA IN ABATEMENT and the facts contained therein are within his personal knowledge and are true and correct.

_____
E. James Kroll

Subscribed and sworn to before me this 21st day of September, 2010.

_____
Notary Public, for State of Georgia

Printed Name: _____



I, Loren Jackson, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this _____ November 16, 2010 _____

Certified Document Number:   46435591  (Total Pages 2)

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

Filed 10 September 14 A11:33
Loren Jackson - District Clerk
Harris County
ED101J015957949
By: Debbie Bucko

## VERIFICATION OF E. JAMES KROLL

STATE OF GEORGIA      )
                              )
COUNTY OF COBB      )

BEFORE ME, the undersigned authority, on this day personally appeared E. James Kroll, Vice President of Claims for American Security Insurance Company, who after being duly sworn by me, did upon his oath depose and state that he is fully competent and duly authorized to make this verification on behalf of American Security Insurance Company in the matter styled Cause No. 2010-50962; *Rene D. Morse v. American Security Insurance Company and Phillip S. Abernathy*; **In the 11th District Court of Harris County, Texas**; and that he has read the foregoing Verified Denial and the facts contained therein are within his personal knowledge and are true and correct.

_____
E. James Kroll

Subscribed and sworn to before me this _13th_ day of September, 2010.

_____
Notary Public, for State of Georgia

Printed Name: Elizabeth J. Trotter

Morse v. ASIC / 2010-50962/Harris County/11th Dist. Ct.



I, Loren Jackson, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this _____ November 16, 2010 _____

Certified Document Number: ____46349295___ (Total Pages 1)

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

Filed 10 September 14 A11:33
Loren Jackson - District Clerk
Harris County
ED101J015957949
By: Debbie Bucko

CAUSE NO. 2010-50962

| | | |
|---|---|---|
| RENE D. MORSE, | § | IN THE DISRICT COURT OF |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| AMERICAN SECURITY INSURANCE | § | |
| COMPANY AND PHILLIP S. | § | HARRIS COUNTY, TEXAS |
| ABERNATHY, | § | |
|     Defendants. | § | |
| | § | |
| | § | |
| | § | |
| | § | 11th JUDICIAL DISTRICT |

## AMERICAN SECURITY INSURANCE COMPANY'S AND PHILLIP S. ABERNATHY'S ORIGINAL ANSWER

Defendants American Security Insurance Company ("American Security") and Phillip S. Abernathy ("Abernathy") (collectively "Defendants") file this Original Answer against Plaintiff Rene D. Morse ("Plaintiff") as follows:

### I.
### GENERAL DENIAL

1.      Pursuant to Texas Rule of Civil Procedure 92, Defendant asserts a general denial to all claims and causes of action asserted by Plaintiff and demand strict proof thereof by a preponderance of the evidence.

### II.
### VERIFIED DENIAL

2.      Plaintiff's claims are barred in whole or in part, because Plaintiff has no legal capacity to sue and/or Plaintiff is not entitled to recovery in the capacity in which he sues.

3.      Plaintiff's claims against Defendant Abernathy are barred, in whole or in part, because, at all times relevant to the facts in this case Abernathy was an employee of Defendant American Security and was acting within the course and scope of such employment.  Therefore,

Abernathy is not liable in the capacity in which he has been sued

### III.
### AFFIRMATIVE DEFENSES

4.     Plaintiff's claims are barred, in whole or in part, by the doctrines of accord and satisfaction, ratification, consent, settlement, payment, release, acquiescence, unclean hands, and/or *in pari delicto*.

5.     Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to state a claim or cause of action for punitive damages.

6.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

7.     Plaintiff's claims are barred, in whole or in part, because any damages suffered by Plaintiff were caused by the acts and omissions of a party or parties over whom Defendant did not exercise control or right of control.

8.     Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to state a claim upon which relief can be granted.  Plaintiff has failed to describe how a denial of the claim converts, what is in fact, a mere contractual claim into extra-contractual tort claims and causes of action under the Texas Insurance Code.

9.     Plaintiff's claims are barred, in whole or in part, by the specific terms of the Policy contract.

10.     Plaintiff's claims and allegations of "bad faith" are barred, in whole or in part, because Defendants' liability to Plaintiff was not reasonably clear.  A bona fide controversy existed and continues to exist concerning Plaintiff's entitlement to insurance proceeds from American Security, and American Security's liability, if any, has never become reasonably clear. Accordingly, American Security had a reasonable basis for denying Plaintiff's claim.

LMH 71715

11.     Defendants aver that any award of punitive damages to Plaintiff in this case would be in violation of the constitutional rights and safeguards provided to them under the Constitution of the State of Texas and the Constitution of the United States of America including, without limitation, that there are no constraining limitations placed on a jury's discretion in considering the imposition or amount of punitive damages, there are no meaningful trial court and appellate review mechanisms to constitutionally confirm any punitive damage award, and imposition of a punitive damage award would allow a verdict tainted by passion and prejudice.

12.     Imposition of punitive damages in this case would constitute a violation of Defendants' constitutional rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

13.     Imposition of punitive damages in this case would constitute a violation of due process and/or would be a violation of the statutory law of this state providing for a penalty. Plaintiff is not entitled to an award of punitive damages absent strict compliance with Chapter 41 of the Texas Civil Practice and Remedies Code.

14.     Any award of punitive damages in this case would violate the constitutional rights and safeguards provided to Defendants under the Due Process Clause of the Fourteenth Amendment and/or Fifth Amendment to the Constitution of the United States of America and/or under the Due Course Clause of Article I, Sections 13 and 19 of the Constitution of the State of Texas, in that punitive damages and any method of which they might be assessed are unconstitutionally vague and not rationally related to a legitimate government interest.

15.     Any award of punitive damages in this case would violate the procedural and/or substantive safeguards provided to Defendants under the Fifth, Sixth, Eighth, and/or Fourteenth

Certified Document Number: 46349294 - Page 3 of 6

LMH 71715

Amendments to the Constitution of the United States and/or under Article I, Sections 13 and 19 of the Constitution of the State of Texas, in that punitive damages are penal in nature and, consequently, Defendants are entitled to the same procedural and substantive safeguards afforded to criminal defendants.

16.    Defendants aver that it would violate the Self-Incrimination Clause of the Fifth Amendment to the Constitution of the United States of America and/or Article I, Section 10 of the Constitution of the State of Texas, to impose punitive damages against them, which are penal in nature, yet compel them to disclose potentially incriminating documents and evidence.

17.    It is a violation of the rights and safeguards guaranteed by the Constitution of the United States of America and/or the Constitution of the State of Texas to impose punitive damages against Defendants which are penal in nature by requiring a burden of proof on Plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

18.    Defendants aver that any award of punitive damages to Plaintiff in this case will violate the Eighth Amendment to the Constitution of the United States and/or Article I, Section 13 of the Constitution of the State of Texas, in that said punitive damages would be an imposition of an excessive fine.

19.    It would be unconstitutional to award any punitive damages as such would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 13 and 19 of the Constitution of the State of Texas in that:

LMH 71715

a.   Said damages are intended to punish and deter Defendants, and thus this proceeding is essentially criminal in nature;

b.   Defendants are being compelled to be witnesses against themselves in a proceeding essentially and effectively criminal in nature, in violation of their rights to due process;

c.   The Plaintiff's burden of proof to establish punitive damages in this proceeding, effectively criminal in nature, is less than the burden of proof required in other criminal proceedings, and thus violates Defendants' rights to due process;

d.   That inasmuch as this proceeding is essentially and effectively criminal in nature, Defendants are being denied the requirement of notice of the elements of the offense and the law and the authorities authorizing punitive damages are sufficiently vague and ambiguous so as to be in violation of the Due Process Clause of the Fifth Amendment and/or the Fourteenth Amendment of the United States Constitution and also in violation of Article I, Sections 13 and 19 of the Constitution of the State of Texas.

20.   Plaintiff has sustained no injury from the alleged conduct of Defendants.

21.   Plaintiff's claims are barred, in whole or in part, because Defendants' claim-handling practices and all related activities conformed in every respect to accepted industry standards and practices.

22.   Plaintiff's claims are barred, in whole or in part, because Defendants would show that there is an inherent mutual duty of good faith in the agreements related to this action and that Plaintiff may have failed to act in good faith.

23.   There has been no reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of punitive damages as required by Section 41.003 of the Texas Civil Practice & Remedies Code, therefore, that claim should not be allowed to proceed and should be dismissed and in all respects subject to the limitations set forth in Chapter 41 of the Texas Civil Practice & Remedies Code.

24.   Plaintiff is not entitled to the recovery of attorneys' fees and has failed to provide

LMH 71715

the statutory notices required to show entitlement to same.

      25.    Defendants expressly reserve and preserve any and all rights they may have under the Policy or otherwise including, but not limited to, any right they may have to seek appraisal of the claims at issue.

<div align="center" style="text-align:left; margin-left: 40%;">

Respectfully submitted,

EDISON, MCDOWELL & HETHERINGTON LLP

By: _David T. McDowell vp SAO._

    David T. McDowell
    State Bar No. 00791222
    Shannon A.S. Quadros
    State Bar No. 24072766
Phoenix Tower
3200 Southwest Freeway, Suite 2920
Houston, Texas 77027
Telephone:  713-337-5597
Facsimile:  713-337-8857

*ATTORNEYS FOR AMERICAN SECURITY
INSURANCE COMPANY AND PHILLIP
ABERNATHY.*

</div>

<div align="center">

**CERTIFICATE OF SERVICE**

</div>

I hereby certify that a true and correct copy of the foregoing has been served on September 14, 2010, on the following counsel of record by certified mail, return receipt requested:

Amber L. Anderson
THE MOSTYN LAW FIRM
3810 West Alabama Street
Houston, TX 77027

<div align="center" style="text-align:left; margin-left: 40%;">

_Shannon A.S. Quadros_

Shannon A.S. Quadros

</div>

EMH 71715



I, Loren Jackson, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this _____ November 16, 2010 _____

Certified Document Number:   46349294  (Total Pages 6)

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com



# LOREN JACKSON
## HARRIS COUNTY DISTRICT CLERK



### CIVIL BUREAU
### PROCESS PICK-UP FORM

CAUSE NUMBER: _____ 2010-50962 _____

---

### REQUESTING ATTORNEY/FIRM NOTIFICATION

Attorney: _____ Amber Anderson _____      Phone: ____ 713 861 6616 ____

Civil Process Server: _____      Phone: _____

Attorney/Firm Notified Service Ready: _____ 08-20-2010 _____      Notified: _____
    *Date*                                                                    *Name of Party Notified*

Contacted By: _____ Nelson Cuero _____      Service Sent to Case File: _____
    *Deputy District Clerk*                                                        *Date*

---

Type of Service Document: _____ CIT _____      Tracking number: _____ 72569767 _____

Type of Service Document: _____ CIT _____      Tracking number: _____ 72569768 _____

Type of Service Document: _____      Tracking number: _____

Type of Service Document: _____      Tracking number: _____

Type of Service Document: _____      Tracking number: _____

Type of Service Document: _____      Tracking number: _____

Type of Service Document: _____      Tracking number: _____

Type of Service Document: _____      Tracking number: _____

Type of Service Document: _____      Tracking number: _____

Type of Service Document: _____      Tracking number: _____

Type of Service Document: _____      Tracking number: _____

Type of Service Document: _____      Tracking number: _____

Type of Service Document: _____      Tracking number: _____

Type of Service Document: _____      Tracking number: _____

Type of Service Document: _____      Tracking number: _____

The above process papers were prepared by:          *Nelson Cuero*
                                                                          *Deputy District Clerk*

On this the _____ 20 _____ day of _____ August _____ 2010,

Process papers picked up by: _____
                                                        *Signature*

on this the __20__ day of _____, 2010 at _11:57_ time.

CONFIRMED FILE DATE: 8/20/2010

Certified Document Number: 46161351 - Page 1 of 1



I, Loren Jackson, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this _____ November 16, 2010 _____

Certified Document Number: ____46161351_ (Total Pages 1)

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

# 2010-50962 / Court: 011

Filed 10 August 16 P4:49
Loren Jackson - District Clerk
Harris County
ED101J015914097
By: Furshilla McGee

Cause No. _____

| | | |
|---|---|---|
| Rene Morse | § | IN THE DISTRICT COURT OF |
| Plaintiff | § | |
| | § | HARRIS  COUNTY, TEXAS |
| American Security Insurance Company and Phillip S. Abernathy | § | |
| Defendant | § | _____ JUDICIAL DISTRICT |

## CIVIL CASE INFORMATION SHEET

This form must be completed and filed with every original petition, and a copy attached to every original petition served.  The information should be the best available at the time of filing, understanding that such information may change before trial.  This information does not constitute a discovery request, response, or supplementation, and is not admissible at trial.

Service must be obtained promptly.  Notice is hereby given that, per Harris County Local Rule 3.6, any case in which no answer has been filed or default judgment signed FOUR (4) MONTHS from filing will be eligible for DISMISSAL FOR WANT OF PROSECUTION.

Type of action: ☐ Commercial   ☐ Personal Injury   ☐ Death   ☒ Other

Check all claims pled:

| | | | |
|---|---|---|---|
| ☐ Account due | ☐ Defamation | ☒ Fraud | ☐ Products liability |
| ☐ Admiralty | ☐ Disbarment | ☐ Garnishment | ☐ Post judgment |
| ☐ Assault | ☐ Discrimination | ☐ Injunction/TRO | ☐ Railroad |
| ☐ Asbestosis | ☐ Dram shop | ☒ Insurance bad faith | ☐ Real estate |
| ☐ Auto | ☐ DTPA | ☐ Malicious prosecution | ☐ Securities fraud |
| ☐ Bill of review | ☐ Employment discharge | ☐ Malpractice/Legal | ☐ Sequestration |
| ☐ Conspiracy | ☐ Expunction | ☐ Malpractice/Medical | ☐ Silicone implant |
| ☒ Contract | ☐ False imprisonment | ☐ Name change | ☐ Tortious interference |
| ☐ Deed restriction | ☐ Foreclosure | ☐ Note | ☐ Trespass |
| ☐ Declaratory judgment | ☐ Forfeiture | ☐ Premises liability: | ☐ Workers compensation |
| | ☐ Other | | |

Has this dispute previously been in the Harris County courts?   ☒ No   ☐ Yes, in the following court: ____

Monetary damages sought   ☐ less than $50,000   ☐ 50,001 - $100,000   ☒ greater than $100,000

Estimated time needed for discovery   ☐ 0-3 months   ☐ 4-6 months   ☐ 7-12 months   ☒ >1 year

Estimated time needed for trial:   ☐ 1-2days   ☐ 3-5 days   ☒ 6-10 days   ☐ > 10 days

Are you going to request Level 3 status?   ☒ Yes   ☐ No
If yes, please state your estimate for total hours of deposition per side: ___180___ and the number of interrogatories needed for each party to serve on any other party: 50 per defendant.

Name of party filing this cover sheet:

Signature of attorney or pro se filing cover sheet:  /s/ Amber L. Anderson
  Name printed:  Amber L. Anderson
  Phone No: (713) 861-6616 _____   Bar No: 90001704 _____

## FOR COURT USE ONLY:

Track assigned   ☐ Track 1   ☐ Track 2   ☐ Track 3

Court Coordinator_____   Date: _____



I, Loren Jackson, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this _____ November 16, 2010 _____

Certified Document Number: ____46087198_ (Total Pages 1)

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

2010-50962 / Court: 270

Filed 10 August 16 P4:49
Loren Jackson - District Clerk
Harris County
ED101J015914097
By: Furshilla McGee

CAUSE NO._____

| | | |
|---|---|---|
| RENE D. MORSE, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| AMERICAN SECURITY | § | |
| INSURANCE COMPANY AND | § | |
| PHILLIP S. ABERNATHY, | § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Rene D. Morse ("Plaintiff"), and files this *Plaintiff's Original Petition*, complaining of American Security Insurance Company ("American Security") and Phillip S. Abernathy ("Abernathy") (to whom will be collectively referred as "Defendants"), and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.     Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.  This case involves complex issues and will require extensive discovery.  Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2.     Plaintiff Rene D. Morse is an individual residing in Harris County, Texas.

3.     Defendant American Security is an insurance company engaging in the business of insurance in the State of Texas.  This defendant may be served with personal process, by

a process server, by serving its Registered Agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

4.  Defendant Phillip S. Abernathy is an individual residing in and domiciled in the State of South Carolina. This defendant may be served with personal process by a process server at his place of residence at 111 Chapelwood Drive, Columbia, South Carolina 29229-7113.

## JURISDICTION

5.  The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

6.  The Court has jurisdiction over Defendant American Security because this defendant is a foreign insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

7.  The Court has jurisdiction over Defendant Abernathy because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

## VENUE

8.  Venue is proper in Harris County, Texas, because the insured property is situated in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

9.  Plaintiff is the owner of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by American Security.

Certified Document Number: 46087197 - Page 2 of 15

10. Plaintiff owns the insured property, which is specifically located at 7701 Langley Rd. Houston, Texas 77016, in Harris County (hereinafter referred to as "the Property").

11. American Security sold the Policy insuring the Property to Plaintiff.

12. On or about September 12, 2008, in the late evening going into the early morning hours of September 13, 2008, Hurricane Ike struck Harris County, Texas, causing severe damage to homes and businesses throughout the gulf-coast region of Texas, including Plaintiff's residence. Plaintiff's roof sustained extensive damage during the storm. Water intrusion through the roof caused significant damage throughout the interior of the home and garage including, but not limited to, the home's ceilings, walls, insulation, and flooring. Plaintiff's home also sustained substantial structural and exterior damage during the storm. There was also damage to the garage door, siding, and windows of the home. Furthermore, Plaintiff sustained significant damage to her personal belongings and contents within the home. Immediately after the storm, Plaintiff filed a claim with her insurance company, American Security, for the damages to her home caused by Hurricane Ike.

13. Plaintiff submitted a claim to American Security against the Policy for ALE, Contents Damage, Roof Damage, Structural Damage, Water Damage, and Wind Damage the Property sustained as a result of Hurricane Ike.

14. Plaintiff asked that American Security cover the cost of repairs to the Property pursuant to the Policy.

15. Defendant American Security assigned Defendant Abernathy as the individual adjuster on the claim. Abernathy inspected Plaintiff's entire home for hurricane damages in merely twenty (20) minutes. Abernathy conducted a substandard inspection which is

Page 3

Certified Document Number: 46087197 - Page 3 of 15

evident in his report which failed to include many of Plaintiff's damages noted upon inspection. His estimate did not allow adequate funds to cover repairs to all the damages sustained. As a result, Plaintiff has not been able to make necessary repairs to restore her home. Furthermore, the delay in making repairs caused by the unreasonable investigation and underpayment of the claim has caused Plaintiffs additional damage.

16. As detailed in the paragraphs below, American Security wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, American Security underpaid some of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

17. To date, American Security continues to delay in the payment for the damages to the property. As such, Plaintiff has not been paid in full for the damages to her home.

18. Defendant American Security failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. American Security's conduct constitutes a breach of the insurance contract between American Security and Plaintiff.

19. Defendants American Security and Abernathy misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants American Security's and Abernathy's conduct

Certified Document Number: 46087197 - Page 4 of 15

constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

20.    Defendants American Security and Abernathy failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants American Security's and Abernathy's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

21.    Defendants American Security and Abernathy failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants American Security and Abernathy failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants American Security and Abernathy did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants American Security's and Abernathy's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

22.    Defendants American Security and Abernathy failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants American Security and Abernathy. Defendants American Security's and Abernathy's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

23.   Defendants American Security and Abernathy refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants American Security and Abernathy failed to conduct a reasonable investigation.  Specifically, Defendants American Security and Abernathy performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.  Defendants American Security's and Abernathy's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(7).

24.   Defendant American Security failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim.  American Security's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.055.

25.   Defendant American Security failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information.  American Security's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.

26.   Defendant American Security failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.  Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for her claim. American Security's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

Page 6

27.    From and after the time Plaintiff's claim was presented to Defendant American Security, the liability of American Security to pay the full claim in accordance with the terms of the Policy was reasonably clear.   However, American Security has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.   American Security's conduct constitutes a breach of the common law duty of good faith and fair dealing.

28.    Defendants American Security and Abernathy knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

29.    As a result of Defendants American Security's and Abernathy's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing her with respect to these causes of action.

30.    Plaintiff's experience is not an isolated case.   The acts and omissions American Security committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of American Security with regard to handling these types of claims.   American Security's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

Certified Document Number: 46087197 - Page 7 of 15

Certified Document Number: 46087197 - Page 8 of 15

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST ABERNATHY

#### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
#### UNFAIR SETTLEMENT PRACTICES

31.   Defendant Abernathy's conduct constitutes multiple violations of the Texas Insurance
Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under
this article are made actionable by TEX. INS. CODE §541.151.

32.   Defendant Abernathy is individually liable for his unfair and deceptive acts, irrespective
of the fact he was acting on behalf of American Security, because he is a "person" as
defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual,
corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan,
fraternal benefit society, or other legal entity engaged in the business of insurance,
including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS.
CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v.
Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance
company employee to be a "person" for the purpose of bringing a cause of action against
him or her under the Texas Insurance Code and subjecting him or her to individual
liability)).

33.   Defendant Abernathy's unfair settlement practice, as described above, of misrepresenting
to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of
competition and an unfair and deceptive act or practice in the business of insurance. TEX.
INS. CODE §541.060(a)(1).

34.   Defendant Abernathy's unfair settlement practice, as described above, of failing to
attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim,

even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

35.    The unfair settlement practice of Defendant Abernathy as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

36.    Defendant Abernathy's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

37.    Defendant Abernathy's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

### FRAUD

38.    Defendants American Security and Abernathy are liable to Plaintiff for common law fraud.

39.    Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as she did,

Certified Document Number: 46087197 - Page 9 of 15

and which Defendants American Security and Abernathy knew were false or made recklessly without any knowledge of their truth as a positive assertion.

40.     The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

## CONSPIRACY TO COMMIT FRAUD

41.     Defendants American Security and Abernathy are liable to Plaintiff for conspiracy to commit fraud.   Defendants American Security and Abernathy were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means.   In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendants American Security and Abernathy committed an unlawful, overt act to further the object or course of action.   Plaintiff suffered injury as a proximate result.

## CAUSES OF ACTION AGAINST AMERICAN SECURITY ONLY

42.     Defendant American Security is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

## BREACH OF CONTRACT

43.     Defendant American Security's conduct constitutes a breach of the insurance contract made between American Security and Plaintiff.

44.     Defendant American Security's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question,

Certified Document Number: 46087197 - Page 10 of 15

and under the laws of the State of Texas, constitutes a breach of American Security's insurance contract with Plaintiff.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

45.   Defendant American Security's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

46.   Defendant American Security's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

47.   Defendant American Security's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though American Security's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

48.   Defendant American Security's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

49.   Defendant American Security's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an

Certified Document Number: 46087197 - Page 11 of 15

unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

50. Defendant American Security's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

<div align="center">

**NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**
**THE PROMPT PAYMENT OF CLAIMS**

</div>

51. Defendant American Security's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

52. Defendant American Security's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

53. Defendant American Security's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

54. Defendant American Security's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

Certified Document Number: 46087197 - Page 12 of 15

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

55.    Defendant American Security's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

56.    Defendant American Security's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, American Security knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### KNOWLEDGE

57.    Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

### DAMAGES

58.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

59.    As previously mentioned, the damages caused by Hurricane Ike have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant American Security's and Abernathy's mishandling of Plaintiff's claim in violation of the laws set forth above.

60.    For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of her claim, together with attorney's fees.

61.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been

Certified Document Number: 46087197 - Page 13 of 15

paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times her actual damages. TEX. INS. CODE §541.152.

62. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

63. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

64. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

65. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

**JURY DEMAND**

66. Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiff hereby tenders the appropriate jury fee.

Certified Document Number: 46087197 - Page 14 of 15

## WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURE

67.  *Plaintiff's Request for Disclosure to Defendant American Security Insurance Company* is attached as "Exhibit A."  *Plaintiff's Request for Disclosure to Defendant Phillip S. Abernathy* is attached as "Exhibit A-1."

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recovers such sums as would reasonably and justly compensate her in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on her behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which she may show herself justly entitled.

Respectfully submitted,

THE MOSTYN LAW FIRM

*/s/ Amber L. Anderson*
Amber L. Anderson
State Bar No. 90001704
3810 W. Alabama St.
Houston, TX  77027
(713) 861-6616 (Office)
(713) 861-8084 (Facsimile)

**ATTORNEY FOR PLAINTIFF**

Certified Document Number: 46087197 - Page 15 of 15



I, Loren Jackson, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this _____ November 16, 2010 _____

Certified Document Number: _____ 46087197 (Total Pages 15)

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com