**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| RENE D. MORSE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-10-4606 |
| | § | |
| AMERICAN SECURITY INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

This is an insurance dispute arising out of the insurer's settlement of a claim for property damage following a hurricane. The plaintiff, Rene D. Morse, sued her insurer, American Security Insurance Company. Morse sued American Security in state court on August 16, 2010. Following Texas law, the petition did not specify a damages amount. Morse did not provide American Security a notice of damages under TEX. INS. CODE § 541.154(a) until November 10, 2010. The letter stated that Morse sought $225,000 in economic damages. On November 18, 2010, American Security filed a notice of removal based on diversity jurisdiction. Morse has moved to remand, arguing that removal was untimely. (Docket Entry No. 9). American Security responded, (Docket Entry No. 10), and Morse replied, (Docket Entry No. 11). The issue is whether American Security had notice when the suit was filed in state court that the jurisdictional amount was met, as Morse contends, or when the notice letter was sent, as American Security contends. Based on the pleadings, the motion and response, and the applicable law, this court concludes that the notice of removal was timely filed.

In *Chapman v. Powermatic, Inc.*, 969 F.2d 160 (5th Cir. 1992), the court analyzed the timeliness of removal when the defendant relies on the "other paper" provision of 28 U.S.C. § 1446. In *Chapman,* the court stated:

> In essence, when read as a whole, § 1446(b) provides a two-step test for determining whether a defendant timely removed a case. The first paragraph provides that if the case stated by the initial pleading is removable, then notice of removal must be filed within thirty days from the receipt of the initial pleading by the defendant; and the second paragraph provides, if the case stated by the initial pleading is not removable, then notice of removal must be filed within thirty days from the receipt of an amended pleading, motion, order, or other paper from which the defendant can ascertain that the case is removable.

*Id.* at 161.

In *Chapman,* the original pleading filed by plaintiff alleged various causes of action but did not state a claim for the amount of damages plaintiff was seeking. After the defendant received interrogatory answers clearly indicating that the plaintiff was seeking damages exceeding the requirements for federal diversity jurisdiction, the defendant removed. The plaintiff moved to remand on the basis that removal was untimely. Despite the defendant's admission that it had actual knowledge that plaintiff was seeking more than the jurisdictional amount when the petition was filed, the court nevertheless held that the thirty-day removal period did not begin to run until the plaintiff responded to the discovery, stating as follows:

> [F]or the purposes of the first paragraph of § 1446(b), the thirty day time period in which a defendant must remove a case starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court. We adopt this rule because we conclude that it promotes certainty and judicial efficiency by not requiring courts to

> inquire into what a particular defendant may or may not subjectively
> know.

*Id.* at 163.  The court rejected the plaintiff's argument that his initial complaint imposed on the defendants an obligation of "due diligence" that, according to the plaintiff, would have shown that the amount in controversy exceeded the jurisdictional requirements.  The Fifth Circuit adopted this position because "it promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know."  *Id.*

Ten years later, in *Bosky v. Kroger Texas LP*, the court noted that, since *Chapman,* it had held that "specific damage estimates that are less than the minimum jurisdictional amount, when combined with other unspecified damage claims, can provide sufficient notice that an action is removable so as to trigger the time limit for filing a notice of removal."  288 F.3d 208, 210 (5th Cir. 2002) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408–12 (5th Cir. 1995); *Marcel v. Pool Co.*, 5 F.3d 81, 82–85 (5th Cir. 1993)).  After noting this development under the *Chapman* rule, the court held that, when relying on the second paragraph of § 1446(b) to establish the timeliness of removal, "the information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal under the second paragraph of section 1446(b)."  *Id.*  The court concluded by noting:

> This clearer threshold promotes judicial economy.  It should reduce "protective" removals by defendants faced with an equivocal record.  It should also discourage removals before their factual basis can be proven by a preponderance of the evidence through a simple and short statement of the facts.  In short, a bright-line rule should create a fairer environment for plaintiffs and defendants.

*Id.*

Morse contends that the civil cover sheet provided notice when she filed the suit that she sought damages in excess of $100,000, more than the jurisdictional amount.  She refers to the assertion in the Civil Cover Sheet that she "is seeking a monetary judgment for more than $100,000.00 against another party, including any attorney fees, penalties or punitive damages, but excluding interest and costs."  Courts addressing a similar argument have held that a statement about damages amount in a civil cover sheet is not sufficient to establish the jurisdictional minimum amount in controversy.  *See, e.g.*, *Humphreys v. Am. Family Mut. Ins. Co.*, Civ. A. No. 08-CV-01299, 2008 WL 2787344, at *2 (D. Colo. July 15, 2008); *Magdaleno v. L.B. Foster Co.*, Civ. A. No. 06-CV-1882, 2008 WL 496314, at *5 –*6 (D.Colo. Feb.19, 2008).  As these opinions recognize, "the election [of the Civil Cover Sheet] is simply too imprecise to make the requisite demonstration of the amount in controversy for purposes of diversity jurisdiction. . . . From this representation, the Court cannot determine what law is applicable or whether the plaintiff seeks an amount which can be recovered under the applicable law."  *Magdaleno*, 2008 WL 496314, at *6.  The civil cover sheet is not a pleading and does not contain the certifications required by Rule 11 of the Federal Rules of Civil Procedure.  *See id.* at *5 (noting further that "[r]eference to [the Civil Cover Sheet] in the notice of removal does not cure the problem because the attorney signing the notice of removal necessarily is not the attorney who made the election in the Civil Cover Sheet").  Considering the representation of the civil cover sheet in combination with the allegations in the petition did not provide sufficient notice to the defendant that the minimum amount in controversy was satisfied.

The notice of removal was filed within a few days after Morse served the document that provided notice that she was seeking more than the jurisdictional amount.  The notice of removal was timely filed.  The motion to remand is denied.

SIGNED on January 28, 2011, at Houston, Texas.

Lee H. Rosenthal

United States District Judge

4